## THE PEOPLE v. FREELAND.

In an indictment for murder it is sufficient to describe the deceased by the name, by which he was commonly known.

A motion to set aside an indictment for murder on any ground, which would have been good ground for challenge either to the panel or any individual grand juror, cannot be made in the District Court, when the defendant has been held to answer in the Court of Sessions before indictment.

The objection, that the name of one of the witnesses sworn before the Grand Jury was not endorsed on the indictment, must be taken by motion to set aside the indictment.

The rule seems to be that any witness may be introduced on the trial by consent of the Court, notwithstanding he was not before the Grand Jury, subject only to the right of the prisoner to a postponement, in case such evidence should operate as a surprise upon him.

To reduce the crime of murder, charged in the indictment, to manslaughter, a provocation must be established, apparently sufficient to render the passion irresistible.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The defendant was indicted for the crime of murder, in shooting one "Greek George."

In the Court of Sessions the defendant challenged two of the grand jurors for cause. Both were examined on oath and averred that they were naturalized citizens, but could not produce their naturalization papers to the Court. In the District Court the defendant moved to set aside the indictment on the ground that incompetent persons had been allowed to sit on the Grand Jury, which motion was overruled. The indictment charges the defendant with the murder of one "Greek George."

The defendant demurred to the indictment on the ground that "Greek George" is not a common name of any person, and that it is not averred that the real name of the deceased is unknown to the Grand Jury. The demurrer was overruled, and the defendant plead not guilty, and was tried. On the trial, the defendant asked the Court to give several instructions to the jury, of which the 3d was: "that if the facts attending the shooting satisfy the jury that the defendant was acting in the heat of passion, and without any deliberation or purpose or intention of killing or murdering the deceased, and that the prisoner was at the time capable of committing crime, and was not acting in self defence, then they must find him guilty of manslaughter and not of murder."

The Court refused this instruction, and the jury brought in a verdict of guilty of murder. Judgment accordingly, from which defendant appealed.

*Long & Heard* for Appellant.

1. The Court erred in allowing persons not qualified by law to act as grand jurors. Comp. L., p. 351.

2. The Court erred in overruling the motion to set aside the indictment. People v. Thurston, 5 Cal., 69.; Comp. L., p. 458, §§ 258, 278, 279; Constitution, Art. I. sec. 8; People v. Kohler, 5 Cal., 72.

3. The Court erred in allowing witnesses to be sworn on the trial whose names were not endorsed on the indictment, and without notice to defendant. Comp. L., p. 452, § 232; also p. 458, § 278; People v. Marsh, July T. 1855.

4. The Court erred in refusing the instructions asked for by defendant. Comp. L., p. 642, § 30; Wheat. Crim. Law., p. 460.

*Wm. T. Wallace, Attorney General,* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The defendant was indicted and convicted of the crime of murder.

The first ground of error assigned is, that the indictment does not charge any offence to have been committed, in this, that the deceased is described as " one Greek George," and it is not charged that this is the name of a person, or a name by which the deceased was commonly known. The general rule in framing indictments is to insert the true name of the party, if it be known; if not, the name by which such person is usually designated or distinguished, or in case he is not known by any name, to allege the fact in the indictment.

It has never been held that it was necessary to allege that the deceased was a sentient being, and for aught we know "Greek George" may be the name of a man with as much propriety as any other name or appellation used to denote persons; both words may be used as patronymics or Christian names. It is unnecessary however to enter into any philological examination of this matter, as the evidence abundantly shows that the deceased was known by the name by which he is described in the indictment, and the instructions of the Court were correct upon this point.

The second ground of error assigned is, the refusal of the Court to set aside the indictment, because incompetent persons had been allowed to act as grand jurors, &c. It will be borne in mind that this indictment was found in the Court of Sessions, and transferred to the District Court for trial. The 279th section of the Criminal Code (R. L. 458,) provides, that "When the defendant has not been held to answer before the indictment, he may move to set it aside on any ground which would have been good ground for challenge, either to the panel, or any individual grand juror."

The minutes of the Court of Sessions, on which the motion is predicated, show that the prisoner was held to answer before that Court, prior to the finding of the indictment; so that the matter having been once passed upon by a competent tribunal, it could not be reviewed by the District Court. The section was intended to cover two classes of cases;

first, where the prisoner was arrested and held to answer before the indictment, the exceptions must be taken in the Court of Sessions : second, after indictment, the exceptions must be taken after the party has been arraigned for trial.

The objection to the jurors was not well taken; it is not necessary that the status of a juror, or the competency of a witness, should be established by the best evidence, as is usual in substantiating particular facts in the course of legal adjudication. The answer of the juror must be taken as *prima facie* true, and establishes his qualification, subject to be controverted or attacked by evidence *aliunde.*

The liability of a criminal prosecution, if the juror swears falsely, will be found a sufficient safeguard upon the purity of the jury box, without resorting to a rule which would enable naturalized citizens to escape from jury duty, and avoid the responsibility which society has enjoined upon every citizen, by refusing or neglecting to bring his letters of naturalization with him to the court-house.

The next error assigned is, that the name of one of the witnesses who were sworn before the Grand Jury, was not endorsed upon the indictment as required by law. The error complained of comes too late; the 280th section of the Act before cited, provides that "if the motion to set aside the indictment be not made, the defendant shall afterward be precluded from taking the objections mentioned in the last two sections," of which this is one.

In fact it may well be doubted whether any error has intervened, and whether this Court would be justified in setting aside a verdict upon so flimsy a pretext. The witness who was examined before the Grand Jury, was named T. D. Johnston, and by some clerical mistake his name was endorsed upon the indictment as C. D. Johnston.

The object of requiring the names of the witnesses to be thus endorsed upon the indictment is two fold; first, to inform the party who are his accusers; and second, to inform the prosecutor who are the witnesses. While our statute seems to be mandatory upon this head, it will not, I apprehend, be contended that the Courts should extend the rule further than necessary to secure a fair trial, and that the result of such a trial should not be defeated upon a mere legal quibble, where no injustice or injury is shown to have occurred.

I understand the rule to be that any witness may be introduced upon the trial, by consent of the Court, notwithstanding he was not before the Grand Jury, subject only to the right of the prisoner to a postponement, in case such evidence should operate as a surprise upon him. The third instruction was properly refused. In order to reduce the offence to manslaughter, it was necessary to establish some provocation apparently sufficient to render the passion irresistible. (See R. L.)

The instructions of the Court were more favorable to the prisoner than the strict letter of the law would warrant; if any error has been committed, it was in his favor, and he has nothing to complain of. The case is destitute of any circumstances of extenuation, and we are satisfied that the defendant could not legally have a fairer or more favorable trial.

Judgment affirmed, and the Court below directed to carry the sentence into execution.