## THE PEOPLE *v.* SIMON LOPEZ.

NAMES OF WITNESSES ON INDICTMENT. — If the names of the witnesses who are examined before the Grand Jury are not inserted at the foot of the indictment or indorsed thereon before it is presented to the Court, the defendant must take advantage of the omission by a motion ·to set aside the indictment when he is arraigned, or he is precluded from afterwards taking the objection.

WITNESSES IN CRIMINAL CASES.—In a criminal case, the facts that a witness was examined before the Grand Jury, and that his name is not inserted at the foot of nor indorsed on the indictment, do not preclude him from being examined as a witness by the prosecution on the trial.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The defendant was indicted for the crime of murder. ·

William Slater and Ellen Slater were examined as witnesses, before the Grand Jury, but their names were not inserted at the foot of nor indorsed on the indictment.

During the trial they were introduced as witnesses by the District Attorney on behalf of the People. Defendant, by his attorneys, objected to their being allowed to testify, because their names were not on the indictment. The Court overruled the objection. Defendant, by his attorneys, afterwards moved to strike out their testimony for the same reason. The Court denied the motion.

Defendant was convicted of the crime of manslaughter and appealed.

The other facts are stated in the opinion of the Court.

*J. W. Coffroth,* and *N. Greene Curtis,* for Appellant.

When an indictment is found, the names of the witnesses examined before the Grand Jury shall be inserted as the part of the indictment, or indorsed thereon, before it is presented to the Court. (Criminal Code, Sec. 232; Woods' Digest, 288.)

This requirement is not an idle suggestion to prosecuting officers. It is a mandatory order, and potential in its character. It should be obeyed, or otherwise defendants would not be informed of their accusers. Its object is twofold: 1st, to inform the party who are his accusers; 2d, to inform the prosecution who are the witnesses. (6 Cal. 98.)

An indictment *should be* set aside " when the name of the witnesses examined before the Grand Jury * * * * are not inserted at the foot of the indictment, or indorsed thereon." (Criminal Code, Sec. 278; Woods' Digest, 291.)

But it may be said the motion in this case came too late. We answer, that the defendant cannot tell who were examined against him until he receives a copy of the indictment, and until the trial is proceeded with. The secrets of the Grand Jury room are a sealed book to him. Neither himself nor his counsel can unlock the doors. The jurors and the District At-

torney alone can tell what parties have been examined. They are deprived by their oath from disclosing their proceedings. Hence, we contend that the only opportunity the prisoner has to ascertain his accusers is upon cross examination at the trial. In this case the discovery was made at the trial, and a proper motion made to exclude the evidence.

· *J. G. McCullough, Attorney-General,* for Respondent.

Defendant should have moved to quash the indictment. Objection came too late. (Crim. Prac. Act, Secs. 278, 280; *People* v. *Freeland,* 6 Cal. 98; *People* v. *Lawrence,* 21 Cal. 372; *People* v. *Symonds,* 22 Cal. 348; 1 Whar. Crim. Law, Sec. 480; *Commonwealth* v. *Jillard,* 2 Casey, Penn. 169.)

· By the Court, SANDERSON, C. J.

The refusal of the Court to strike out the testimony of William and Ellen Slater was not error. The two hundred and thirty-second section of the Criminal Practice Act, (Wood's Digest, p. 288) requires the names of the witnesses who are examined before the Grand Jury to be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the Court; but the only consequence of a noncompliance therewith is prescribed in the two hundred and seventy-eighth section of the same Act, which provides that the indictment may be set aside by the Court where the names of the witnesses who were examined before the Grand Jury are not inserted at the foot of the indictment, or indorsed thereon. This has to be done on motion at the time defendant answers to the arraignment, as provided in section two hundred and seventy-seven. That such shall be the only consequence of a failure to insert the names of the witnesses at the foot of the indictment, or indorse them thereon, is expressly declared in the two hundred and eightieth section, which provides that if the motion to set aside the indictment be not made, the defendant shall be precluded from afterwards taking the objection.

In the present case no motion to set aside the indictment was made.   (*People* v. *Freeland*, 6 Cal. 96.)

The objection to a part of the instructions, upon the ground that the hypothesis upon which the instruction proceeds is not warranted by the evidence, is not well taken; but if it was, we are unable to perceive how the defendant was prejudiced by the instruction, or how the jury could have been thereby misled.

Judgment affirmed.