28   265
116   392

## PEOPLE *v.* CHARLES KING.

REFUSAL TO PLEAD TO AN INDICTMENT.—If the defendant in a criminal action demurs to the indictment, and the demurrer is overruled, and he then declines to plead, and demands that the Court shall pronounce judgment against him, a

Argument for Appellant.

verdict and judgment against him will not be reversed because the Court directs a plea of not guilty to be entered and a trial to be had before a jury.

JUDGMENT IN CRIMINAL ACTION WHEN DEFENDANT DECLINES TO PLEAD.—If a demurrer to the indictment is overruled, and the defendant then refuses to plead, it is not a violation of defendant's constitutional right to a trial by jury for the Court to pronounce judgment against him as upon a plea of guilty, and this is the proper course for the Court to pursue.

A DEFENDANT MAY VOLUNTARILY TESTIFY BEFORE A GRAND JURY.—It is neither illegal nor a ground for setting aside the indictment for the defendant therein to voluntarily give his testimony before the Grand Jury when the case is examined before them.

MOTION TO SET ASIDE AN INDICTMENT. — A motion to set aside the indictment because the names of all the witnesses who testified before the Grand Jury are not indorsed upon it, must be made before demurrer or plea.

JUDGMENT IN A CRIMINAL ACTION.—A judgment " that the defendant be imprisoned in the State Prison for the term of three years from the date of his incarceration " is not void for uncertainty.

ERRONEOUS REFERENCE IN AN ACT. — If a section in an amendatory or supplementary Act refers to a section of the Act amended or supplemented by number, and the section referred to does not express the legislative intent, but another section is found which does express that intent, the reference will be treated as being made to the latter section.

CRIMINAL PRACTICE ACT.—The fourteenth section of the Act of April 3d, 1863, amendatory of and supplementary to the Criminal Practice Act, refers to the two hundred and ninety-sixth, instead of the two hundred and ninety-third section of the Criminal Practice Act.

APPEAL from the County Court of San Joaquin County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Tyler & Cobb,* for Appellant.

The Criminal Practice Act, section two hundred and thirty-five, provides that " all the forms of pleading in criminal actions shall be those prescribed by this Act." It will thus be seen that we cannot go to the common law for aid in this matter, for we are expressly prohibited so to do by the statute. Whether the Court could legally enter such a plea for defendant or not must be determined by the provisions of the Criminal Practice Act. Section two hundred and ninety-six of the Criminal Practice Act provides : " If the demurrer (of defendant) be disallowed, the Court shall permit the defendant, *at his election,* to plead, which he must do forthwith, or at such time as the Court may allow; if he do not plead, *judgment*

*shall be pronounced against him.*" The statute has provided what the Court must do in a case of this kind, and "*expressio unius est exclusio alterius*" ought to have as much force in a criminal as in a civil case. Section three hundred and eight provides the only way in which the Court is authorized to enter a plea for the defendant:

"SEC. 308. If the defendant refuse to answer the indictment by demurrer or plea, a plea of not guilty shall be entered."

But in this case the defendant did not refuse to answer the indictment. He answered it in one of the two ways pointed out by the statute, and it is only when he refuses to answer the indictment in one or the other—that is, by demurrer or plea—that the Court is allowed to have a plea of not guilty entered for defendant.

*J. G. McCullough, Attorney-General,* for the People.

The Court was right in ordering the plea of not guilty to be entered for the defendant.

Section three hundred and eight of the Criminal Practice Act authorizes this proceeding. The construction of it is that if the defendant refuse to answer the indictment by demurrer, and if that be overruled, by a plea, then the Court should enter a plea of not guilty.

If section two hundred and ninety-six be unconstitutional, as appellant's counsel seem to think, on the ground, doubtless, that the defendant is entitled to a trial by jury, and that standing mute is not a confession of guilt, (as to which point see the case of *United States* v. *Hare*, 2 Wheeler's Crim. Cases, 299,) then it is the duty of that Court to pass upon the question of constitutionality, and if it decided rightly, it is not making a law, but declaring what the law is. Suppose the Court below had passed judgment as on a plea of guilty upon the overruling of the demurrer, and the defendant had appealed, and the Supreme Court had decided that that section was

unconstitutional in not giving the defendant a trial by jury, then upon a new trial of the case the defendant should still stand mute, is there no provision anywhere that he may be tried at all? The legitimate result of such a construction would be that every defendant who thought that the Commonwealth could show him to be guilty, would simply demur to the indictment on some frivolous ground, and the demurrer being overruled, would refuse to plead.

The Criminal Practice Act can receive no such absurd construction; and if the defendant is to be tried at all, he could not be tried upon a more favorable plea than that of not guilty, (see Sec. 303 of the Crim. Prac. Act,) and therefore the defendant could not have been prejudiced in any substantial right by the action of the Court below. (Crim. Prac. Act, Sections 247, 601.)

By the Court, SANDERSON, C. J.

I. The defendant was indicted for the crime of grand larceny. A demurrer was interposed to the indictment which was overruled by the Court. Thereafter, when called upon to plead to the indictment the defendant, acting under the advice of his counsel, declined to do so, and refused to put in any plea whatever. Thereupon the Court, of its own motion, ordered the Clerk to enter a plea of not guilty, to which counsel for the defendant objected and demanded that the Court should proceed in the manner designated in the two hundred and ninety-sixth section of the Criminal Practice Act and pronounce judgment against the defendant. This the Court declined to do, and directed the plea of not guilty to be entered, upon which the defendant was thereafter tried and convicted. This action and ruling of the Court is assigned as error.

The two hundred and ninety-sixth section is in these words: "If the demurrer be disallowed the Court shall permit the defendant at his election to plead, which he must do forth-

with, or at such time as the Court may allow; if he do not plead, judgment shall be pronounced against him."

It is presumed that the course taken by counsel was adopted under the notion that the foregoing section in some way interfered with the right of trial by jury guaranteed to the defendant by the Constitution, and was therefore void. Otherwise he would hardly have failed to have availed himself of the chances for his client's escape afforded by that uncertainty which is sometimes supposed to attend the verdict of a jury. The Court below seems to have come to the conclusion that the question was at least doubtful, and therefore gave the defendant the benefit of the doubt and afforded him an opportunity to enjoy his constitutional right of trial by jury, notwithstanding the earnest protest of counsel.

It is insisted on behalf of defendant that the constitutionality of section two hundred and ninety-six is not involved in this case, and counsel decline to argue it, claiming that it will be in time to discuss that question when we meet with a judgment which has been rendered in accordance with its provisions, and that the only question presented by the record in this case arises upon the power of the Court to enter a plea of not guilty, under section three hundred and eight. But the point made, in our judgment, does involve a discussion of that section. The two hundred and ninety-sixth and the three hundred and eighth sections both relate to the same subject matter, and are to be read together. The latter section provides that: "If the defendant refuses to answer the indictment by demurrer or plea, a plea of not guilty shall be entered." Reading it, therefore, in connection with the former section, we have a complete rule for every case where the defendant when called upon to plead stands mute, or, as in the present case, orally refuses to plead. If, when arraigned, he stands mute or refuses to demur or plead to the indictment, a plea of not guilty is to be entered for him; but if he demurs and his demurrer is disallowed, he may plead or not, at his option, and if he stands mute or fail or refuse to plead, the Court is to proceed as upon a conviction or a plea of guilty

and pronounce its judgment accordingly. Such is the plain
rule of conduct as prescribed by the statute. Is there any
constitutional objection to it? By such a rule is the defend-
ant denied any constitutional right or privilege? If so, we
have been unable to discover it, and counsel for appellant has
failed to suggest wherein the statute conflicts with the Consti-
tution. The only clause of the Constitution to which it can
be claimed that the rule of the statute is repugnant is that
which provides that " The right of trial by jury shall be
secured to all, and remain inviolate forever." This provision
is designed for the protection and security of the citizen in his
life, liberty and property, and to protect all three against the
exercise of arbitrary power. Of the right thus solemnly
secured to him he cannot be deprived by any power under the
Government. He may claim his right at all times and under
all circumstances. But while the Legislature cannot destroy
or in any degree impair his right, that body may provide the
mode and manner of its enjoyment so far as the same may be
done without prejudice to a fair and impartial trial in the man-
ner pointed out and secured to him by the Constitution. The
criminal law of the land must be enforced, or civil government
is a failure, and the law of force becomes the rule of conduct.
The intent of the Constitution is to secure every person charged
with crime a fair and impartial trial by jury, but not to place
it in his power to evade a trial altogether by standing mute
and refusing to participate in it. In order that there may be
a trial there must be an issue. If, by refusing to join issue,
the accused may avoid a trial, he is thereby enabled to pervert
a constitutional provision solely designed to secure to him a
fair trial by a particular mode, but not to enable him by his
own act to obstruct the course of justice and escape a trial
altogether, into a shield against punishment for any crime
which he may have committed.

It is within the constitutional power of the Legislature to
provide that the Court shall enter a plea for the defendant
when he stands mute, or that such standing mute shall be
taken as a confession of the truth of the indictment, and equiv-

alent to a plea of guilty. Such a provision in no way deprives
the defendant or tends to deprive him of his constitutional
right to a trial by jury. If, in the case provided for in section
two hundred and ninety-six, no trial takes place, and the
defendant is adjudged guilty without the verdict of a jury to
that effect, and punished, such result is not attributable to the
law, but to the wilful obstinacy of the defendant. That sec-
tion affords him an opportunity to be tried by jury, which is
all that the Constitution exacts from the Legislature. If he
chooses to stand upon his demurrer and fails or refuses to
plead, he is no more entitled to a trial than he would be upon
a plea of guilty ; and it is presumed that no one will contend
that the law providing for a plea of guilty is repugnant to the
constitutional provision in question.

From what has been said it follows that the Court could
have lawfully pronounced judgment in the case as provided in
the two hundred and ninety-sixth section, and ought to have
done so, and that the Court erred in adopting the course which
it did. But the consequence for which counsel for the defend-
ant contends does not follow. This Court is not allowed to
reverse a judgment where it is manifest that the error alleged
has in no manner operated to the legal prejudice of the defend-
ant. The defendant has been deprived of no right, nor has
he been placed in any worse position by the error of the
Court in giving him a fair trial by jury notwithstanding his
confession of guilt. The trial was a mere idle ceremony,
which did him no legal harm, and therefore affords no ground
for a reversal of the judgment.

II. When the case was called for trial and before the exam-
ination of the jurors was commenced, counsel for defendant
asked leave to withdraw the plea and to move to quash the
indictment, because the names of all the witnesses who were
examined before the Grand Jury were not indorsed upon it,
and upon the further ground that the defendant himself had
been examined before the Grand Jury touching the offense
therein charged. It appears from the affidavits offered in sup-
port of this motion, that the defendant and one Louis Bergler,

jointly indicted with him, were examined before the Grand Jury and their names were not indorsed upon the indictment. The motion was denied, and it is claimed that such denial was error.

So far as the motion was based upon the ground that the defendant had testified against himself before the Grand Jury is concerned, it is only necessary to say that we know of no rule of law which made it illegal for him to testify if he felt inclined to do so, nor do we know of any rule of law which makes the voluntary testimony of the defendant before the Grand Jury a ground for setting aside the indictment.

So far as the other ground is concerned, the motion came too late, as has been repeatedly decided. A motion to set aside an indictment upon this ground must be made before demurrer or plea (Criminal Practice Act, Sections 277, 278), and if not so made, the defendant is precluded from afterwards taking the objection (Section 280.) (*People* v. *Freeland*, 6 Cal. 98; *People* v. *Lawrence*, 21 Cal. 368; *People* v. *Lopez*, 26 Cal. 112.)

III. It is lastly contended that the judgment is void for uncertainty. The judgment is, "that the defendant be imprisoned in the State Prison for the term of three years from the date of his incarceration," and it is claimed to be fatally uncertain as to the time when the term commences.

It is true, as contended by counsel, that the judgment ought to be certain, both as to the commencement of the term and as to its termination, but this rule does not require greater certainty than is possible under the circumstances, and we think the judgment in this case is quite as certain as it can be made. The punishment is imprisonment in the State Prison for the term of three years. It is very clear that the term cannot commence until the defendant arrives at that place, and that it cannot end until three years thereafter. When he will arrive at the State Prison is certainly more or less uncertain, but that is not the fault of the judgment, and as the Court has no means by which it can ascertain with certainty the precise moment at which that event will happen, it would

be asking more than the Court could perform to require it to fix the exact day, and more than any rule of law to which our attention has been called makes necessary.

Judgment affirmed.

By the Court, SHAFTER, J., on petition for rehearing.

Petition for rehearing. The counsel for the defendant admits the constitutionality of the two hundred and ninety-sixth section of the Criminal Practice Act; and further admits that the conviction would be well supported by the provisions of that section were the section now on foot. But it is claimed, in effect, that section two hundred and ninety-six is repealed by the Act of 1863.

It is provided by that Act as follows: "No person can be convicted of a public offense unless by the verdict of a jury, accepted and recorded by the Court; or upon a plea of guilty; or upon judgment against him upon a demurrer to the indictment *in the case mentioned in section two hundred and ninety-three.*"

It is insisted by counsel that this amendment to the Criminal Practice Act purports, on its face, to be a statement of the instances, and all of the instances, in which a person accused of crime can be said to have been " convicted;" and it must be admitted that the point is well taken. It is further urged that it follows from the views maintained in the opinion, that the judgment below is not supported upon the first ground named in the amendment, for the opinion holds the verdict to be null and void. It is further urged that the judgment cannot be supported on the second ground, for it appears that there was no plea of guilty entered in fact; and it is claimed, finally, that the judgment cannot be maintained upon the third and last ground named in the amendment, for the reason that section two hundred and ninety-three, to which the amendment refers, states a case where a judgment is to be entered *for* the accused, and not against him.

Section two hundred and ninety-three is as follows : " If the demurrer be allowed, the judgment shall be final upon the indictment demurred to, and shall be a bar to another prosecution of the same offense," etc.   All the grounds of judgment, named in the amendment, failing, it is claimed that the judgment entered below must be held to be erroneous.   We do not, however, consider the third ground named in the amendment to have failed.

The reference to section two hundred and ninety-three does not express the legislative intent.   That intent finds expression only in section two hundred and ninety-six; and the amendment must be read as though the reference were to the latter section instead of the former.   But it is urged that to strike out the word " three " and insert the word " six," would be to amend the amendment, and not to construe it; and the point, considered abstractly, must be admitted to be well taken ; but when considered on what may be called the facts of the question, and in view of the settled rules of construction, it is manifest to us that the objection is fallacious.

First—It must be assumed that the Legislature, in undertaking to state a third method, or instance, of conviction, intended to do it; but if it used the number two hundred and ninety-three advisedly, it neither accomplished, nor intended to accomplish, the object stated, nor any other, and the last clause of the amendment is not only a nullity, but was intended to be a nullity.   But we are forbidden so to hold.   (Smith's Com., Sections 488, 527.)

Second—We have a voluminous Act upon the subject of Crimes and Punishments—and we have also Courts of criminal jurisdiction.   From the constitutional and legislative provisions upon the subject of crimes and criminal Courts, there can be no doubt that it is and always has been the policy of the State, that the guilty should not go unpunished.   But if it should be held that the reference to section two hundred and ninety-three expresses the true intent of the Legislature, then the whole of our criminal system is virtually overthrown, and every grade of crime may be committed with impunity ;

*so that,* persons accused, shall have the art to put in demurrers to valid indictments, to begin with. The fallacious demurrer being overruled, the accused would refuse to plead. The Court could not direct a plea of not guilty to be entered, for the reasons stated in the opinion, nor could the Court, under the views of counsel, order judgment upon the demurrer, as provided in section two hundred and ninety-six; that is to say, judgment would be forever impossible. But all this is "absurd;" and, therefore, the views that lead to such result must be unsound, and must be discarded. (Smith's Com., Secs. 517, 575, 725, 726.)

Assuming, then, that the Legislature, by the last clause of the amendment, meant something, and something sensible— that is, something in harmony with the general purpose with a view to which our criminal system was got up and is now kept on foot, we are satisfied that it was intended to enact the third ground, or instance, of conviction set forth in section two hundred and ninety-six, but the Legislature applied to the section in which it is contained a wrong number. This view does not lie in assumption. It was the purpose of the amendment to state the cases in which a person, accused of crime, could be considered as "convicted" to a legal intent, and to limit them to three. The amendment states two, and, so far as expression goes, it states a third. We must presume, to start with, that a third has been efficiently enacted, and we cannot conclude to the contrary, until the whole of the written law upon the subject of crimes and punishments, and criminal practice, has been examined and exhausted. We look to section two hundred and ninety-three, directly referred to in the amendment, but that section does not state a case of "conviction," but of "acquittal" instead; but on looking through the whole body of the statutes we find one section, and but one, that is responsive to what may be called the governing call of the last clause of the amendment, to wit: a third instance in which a person accused shall be considered as convicted for the purposes of judgment; and we must, therefore, consider that to be the provision which the Legis-

lature had in mind. Both the question and the reasoning are familiar. The question is one of "false demonstration," and the solution is the one commonly used in such cases. We have treated the question in the same manner, that we should have dealt with it, if the third clause of the amendment had set forth the third alternative conviction, in the language used in section two hundred and ninety-six, and then added : "As set forth in section two hundred and ninety-three." The questions are substantially the same.

Petition denied.