## THE PEOPLE *v.* M. V. B. STACEY.

SETTING ASIDE INDICTMENT.—A motion to set aside an indictment for any cause must be made before the defendant pleads or demurs. If not so made, the defendant is precluded from afterwards taking the objections which he is allowed to present on said motion.

IDEM—FINAL JUDGMENT.—The order of Court setting aside an indictment for a felony, and discharging the defendant without day, constituted a final disposition of the case, and was a final judgment in the sense of the statute in relation to appeals in criminal cases.

APPEAL from the County Court, Santa Clara County.

The defendant was indicted by the Grand Jury of Santa Clara County for the crime of an assault with a deadly weapon, with intent to commit upon the person of another a great bodily injury, where no considerable provocation appeared therefor—upon which indictment he was duly arraigned in said County Court, and to said charge pleaded not guilty. Thereafter, on his motion by his attorney, said Court, on the alleged ground of irregularities occurring in

the empaneling of said Grand Jury, set aside and dismissed said indictment, and discharged said defendant without day, and discharged the sureties on his bail bond from further liabilities thereon. The people excepted, and appealed from said judgment and order to this Court on questions of law alone. The notice of appeal, after filing, was served by delivering a true copy thereof—one to the County Clerk of said county, one to the attorney of record of defendant, and one to said defendant.

*J. G. McCullough, Attorney General,* for the People.

*M. A. Wheaton,* for Respondent.

By the Court, SANDERSON, J.:

This is substantially like the case of *The People* v. *Hidden,* 32 Cal. 445.

A motion to set aside an indictment for any cause must be made before the defendant pleads or demurs. (Crim. Pr. Act, Secs. 277–79.) If not so made the defendant is precluded from afterwards taking the objections which he is allowed to present on such motion. (Sec. 280; *People* v. *Freeland,* 6 Cal. 98; *People* v. *Lawrence,* 21 Cal. 368; *People* v. *Lopez,* 26 Cal. 112; *People* v. *King,* 28 Cal. 272.)

Whether the defendant was in a position to have taken advantage of any informality of the Court in the formation of the Grand Jury the record fails to show; but conceding that he was, he had pleaded to the indictment, without interposing any objection to the Grand Jury, and thereby waived whatever objections may have existed.

The action of the Court in setting aside the indictment and discharging the defendant without day was a final disposition of the case, and therefore a final judgment, within the meaning of the statute in relation to appeals in criminal cases. (Crim. Prac. Act, Sec. 481.) The proof of service of the notice of appeal is also sufficient. (Sec. 488.)

Judgment reversed and cause remanded for further proceedings.