STATE OF MINNESOTA *vs.* NELS H. NERBOVIG.

June 23, 1885.

**Intoxicating Liquors—Complaint for Selling Beer without License.**
A complaint for selling liquor without license, alleging one sale of beer, "a fermented or malt liquor," without having first obtained a license therefor from the county commissioners, does not charge two offences, and sufficiently states want of license from the *board* of county commissioners.

**Justice of the Peace—Criminal Prosecution—Examination of Complainant.**—When a written complaint showing an offence is presented to a justice and sworn to before him, it is a sufficient examination of the complainant under the statute.

**Same—Continuance for Absence of County Attorney.**—In a criminal prosecution before a justice, the absence of the county attorney from the county when the warrant is returned is sufficient cause for a continuance of the case for a reasonable time.

**Same—Making List of Jurors—Waiver of Irregularity.**—If, in such a prosecution, there is any mere irregularity in the justice's direction to the sheriff to make a list of jurors, the defendant waives all objection by not taking it then.

**Same—Venire Describing Action as "Civil."**—That the *venire* describes the action as a "civil" instead of a "criminal" action, the jurors all appearing pursuant to it, is no ground of challenge to the panel.

**Same—Proceedings on Appeal—Recognizance.**—Where the cause, on appeal upon questions of law alone, is submitted to and taken under advisement by the district court at a term thereof, an order that the defendant appear at the next general term does not continue the cause, nor prevent anything being done meantime, except that it prevents a forfeiture of the recognizance before such term.

Defendant was prosecuted before a justice of the peace of Chippewa county on a complaint, subscribed and sworn to before the justice, and charging "that on the 4th day of July, A. D. 1884, at Milan, town of Krageri, in said county, Nels Nerbovig did unlawfully sell and barter spirituous, vinous, fermented and malt liquors in less quantity than five gallons at one time without first having obtained a license therefor from the county commissioners of said Chippewa county, Minnesota, against the form of the statute," etc. Having been convicted and sentenced he appealed, on questions of law alone, to the district court for the same county, where the appeal was heard by *Brown,* J., and the judgment of the justice was affirmed, and the defendant again appealed. ·

*O. S. Berg,* for appellant.

*William J. Hahn,* Attorney General, and *J. M. Martin,* for the State.

GILFILLAN, C. J. There is nothing in the point that the complaint charges two offences. It charges the selling only of beer, which it describes as either "a fermented or malt liquor." Only one act is charged. And it sufficiently charges that it was without license. It alleges the act to have been done without having first obtained a license therefor from the county commissioners, which could not be true if he had obtained a license from the *board* of county commissioners. The allegation necessarily negatives a license from the board, and perhaps goes beyond that.

It appears that the justice examined the complainant on oath within the meaning of the statute. If the complainant presents a written complaint showing an offence by the person charged, and makes oath to it before the justice, that is a sufficient examination to authorize the issuing of the warrant.

The absence from the county of the county attorney when the defendant was arraigned was good cause to continue the case for a reasonable time, and in this case the time was not unreasonable. We do not understand that the continuance was granted before the affidavit for it was made, but that, on the motion being made, the justice announced that it would be granted on an affidavit being made alleging the grounds stated in the application. The docket entries

are a little confused, but it appears that the justice required an affidavit, and the inference is a fair one that the motion to continue was not finally granted until the affidavit was made, and all this was done before the affidavit for a transfer was filed.

If the justice's direction to the sheriff to make a list of jurors was not regular, then was the time for defendant to object. As he did not, he waived any objection on that ground. The objection that the *venire*, in all other respects regular, described the action as a civil action, goes to matter of form and not of substance. The jurors were properly drawn, and they all appeared pursuant to the *venire;* so that there was no prejudice, nor any effect at all, from the use of the word "civil" instead of the word "criminal" in the *venire*.

The cause was heard on an appeal on questions of law alone, in the district court, at the October term, taken under advisement, and the defendant ordered to appear at the next general term. That order did not continue the case, nor prevent the doing meantime of anything that might have been done had it not been made, except that it prevented the forfeiting of the recognizance until the next term.

Judgment affirmed.