# JANUARY TERM, 1886.*

| 59 | 1 |
| 67 | 470 |

| 59 | 1 |
| 86 | 41 |

| 59 | 1 |
| 109 | 386 |

| 59 | 1 |
| 116 | 685 |

### The People v. Alfred Coffman.

*Lost papers—Preliminary examination—Challenge to the array—Res gestœ—Proof of good character.*

1. Where the return of an examining magistrate fails to include the complaint and warrant referred to therein, on making sufficient proof of the loss of said missing papers, it is competent for the People, in opposing a motion to quash (see opinion for reasons), to make proof of their contents. In such a case the court must necessarily go outside of the regular files to ascertain if the proper preliminary steps have been taken to place respondent on trial.

2. Where a sufficient complaint and warrant is *thus* shown, and the record shows a preliminary examination before the magistrate who issued ┼aid warrant for the offense charged therein, and the making of a commitment by said magistrate, in which he finds that the crime charged in the warrant has been committed and probable cause to believe respondent guilty of the commission thereof, a sufficient preliminary examination is shown and the filing of an information is fully authorized.

3. A challenge to the array based on the failure of a township to return a list of jurors, and a return by a second township after the time fixed by law, and after one jury had been drawn from the lists returned by the remaining townships, and the omission of the county clerk, on drawing the jury, to return the names drawn to the proper packages for each township until the whole list for all the townships is exhausted, is properly overruled. How. Stat. §§ 7554–67, 7575. *Thomas v. People*, 39 Mich. 311.

4. Where the homicide charged is shown by two unimpeached eye-witnesses and is not denied by respondent who defends on the ground of drunkenness, he can not complain for want of more evidence of the res gestæ, it appearing that others witnessed the killing.

5 Where affirmative proof is made of the good character of a respondent, and on rebuttal a witness is asked if he knows what respondent's character was while he lived at a certain place, an objection on the ground of incompetency is properly overruled. The answer of the witness, " Yes, it was pretty bad," is not strictly responsive, but no

---

*Continued from Volume 58.

motion being made to strike it out for that or any other reason, error can not be assigned upon its admission. [1]

Error to Schoolcraft. (Steere, J.) Argued October 22, 1885. Decided January 13, 1886.

Information for murder. Convicted of manslaughter. Respondent appeals. Conviction affirmed.

Respondent was informed against at the January, 1885, term of the circuit court for Schoolcraft county for the murder of his wife, Julia Coffman. Upon being arraigned his counsel moved to quash the information because

1. The records or files failed to show such a preliminary examination for said offense as the law provides, or a waiver thereof; and 2. It did not appear from such records or files that he had ever been charged with or arrested for said offense, except as he stands charged therewith in said information. In support of said motion respondent produced said records and files, consisting of the testimony taken by the examining magistrate, on the examination of respondent for the offense charged in the information and a commitment issued by said magistrate, in the usual form, in which he stated that it appeared to him that said offense had been committed (describing it), and that there was probable cause to believe respondent guilty of its commission, and fixing bail in the sum of five thousand dollars. The testimony taken on the examination failed to locate the town or county or State in which the alleged murder was committed or to give the Christian name of respondent, but the caption reads as follows:

" *State of Michigan, County of Schoolcraft, ss.* : The examination of Leroy M. Spencer, Hiram Cone taken upon oath before me, Edward L. Small, a justice of the peace of the township of Onota, in the said county of Schoolcraft, on the 29th day of August, A. D. 1884, in the presence and hearing of Alfred Coffman, charged before me by Cyrille Ducette with having heretofore, to wit, on the 24th day of

---

[1] The question was: " Do you know what was the character of the defendant while he lived at Au Train?" The answer was: " Yes; it was pretty bad." The question was objected to as incompetent.

August, A. D. 1884, at the township of Onota, and in the said county aforesaid, feloniously, wilfully and of his malice aforethought, killed and murdered one Julia Coffman contrary to the form of the statute, etc." At the conclusion of the testimony was the following certificate: "I hereby certify that the foregoing is the testimony taken before me this 29th day of August, A. D. 1884, in the examination of the *People of the State of Michigan v. Alfred Coffman.*

EDWARD L. SMALL, *Justice of the Peace.*"

In opposition to the motion the counsel for the People read and filed affidavits showing the making and filing with the justice of a complaint charging respondent with said murder, the issuing of a warrant by the justice upon said complaint, the arrest of respondent thereon and its return to the magistrate by the sheriff of Schoolcraft county, with respondent in custody. That the prosecuting attorney before filing said inform-tion, failing to find the complaint and warrant in the files, w...; to Onota township, where such examination was had and said justice resided, but failed to find said justice, and learned that he had packed up all his books and papers and taken them away, and was unable to ascertain what had become of said complaint and warrant. The certificate of the county clerk was read, showing his inability, after diligent search, to find said papers in his office. Respondent objected to this documentary testimony as incompetent, but the court received the same and denied the motion to quash, whereupon respondent refused to plead, and by order of the court a plea of not guilty was entered for him. When the case came on for trial, and before the jury was sworn, respondent interposed a challenge to the array, based upon the following statement of facts testified to by the clerk of the court.

At the time for return of jury lists in the spring of 1884, Schoolcraft county contained eight organized townships. The township of Burt made no return for 1884, and the township of Munising failed to send in list until after jury was drawn for the July term of that year, which jury consisted of four jurors from each of the six remaining townships. At the

time the jury was drawn for the January term, 1885, at which respondent was tried, the number of persons from whom to draw a jury was divided among the townships as follows: Thompson 8, Manistique 36, Seney 5, Germfask 2, Onota 2, Munising 3. The list from Hiawatha had been exhausted at the former drawing. The panel was made up by drawing all of the remaining names from the townships of Onota, Germfask, Munising and Seney, and seven from each of the townships of Thompson and Manistique, making 26 in all. The two extra names were drawn, because the officers had knowledge of the removal of one of the persons previously drawn and the death of another: § 7567, Howell's Statutes, 4th sub-division. The court sustained the demurrer of the People to the challenge of respondent, trial was thereupon had and a verdict of manslaughter rendered.

*W. F. Riggs*, for respondent:

The authority to file an information is wholly derived from the statute which makes a preliminary examination or waiver thereof, *as provided by law*, conditions precedent to such filing: Howell's Statutes, § 9555. *Turner v. People*, 33 Mich. 371.

If the evidence returned by the examining magistrate did not authorize the filing of the information, the constitutional rights of respondent were disregarded. From the evidence the magistrate must determine as to the commission of the offense charged and the probable guilt of respondent: *Byrnes v. People*, 37 Mich. 515; *People v. Bemis*, 51 Mich. 425; and as it did not name the respondent or the deceased, or the county or State where the crime was committed, the magistrate could not make such determination: *Yaner v. People*, 34 Mich. 289.

The caption forms no part of the evidence taken by the justice: Wharton's Criminal Law, §§ 219, 220; 1 Bishop Criminal Pro. 661–2. A mittimus shows no authority to file an information: *Turner v. People*, 33 Mich. 368. Respondent was informed against and tried for murder, and the certificate of the justice fixing amount of bail, either shows that it was not connected with this case or that the magistrate had not found that the offense charged in information had been committed.

*J. F. Cary,* Prosecuting Attorney, and *F. O. Clark,* for the People:

The affidavits introduced in opposition to the motion tó quash, established conclusively the existence of a sufficient complaint and warrant, and it will be presumed that the same were returned to the clerk with the testimony taken on the preliminary examination. The certificate of the clerk of their absence from his office, was *prima facie* proof of the loss of said papers: Howell's Statutes, § 7505; and parol proof of their contents was admissible: Greenl. Ev. § 509; and witnesses may state the substance thereof: *Com. v. Roork,* 8 Cush. 210; *Simpson v. Norton,* 45 Me. 281; *Hall v. Manchester,* 40 N. H. 410.

The certificate of the justice attached to the evidence returned with the commitment issued by him, sufficiently shows a finding by that officer that the offense charged had been committed and probable cause to believe the respondent guilty thereof: *Turner v. People,* 33 Mich. 367–8.

Upon a motion to quash the information, for want of jurisdiction, the court may try and determine the question summarily upon affidavits: *Haywood v. Johnson,* 41 Mich. 605.

Howell's Statute § 7567 does not provide for returning names drawn on former jury to the township packages until all names returned are exhausted, nor is it ground for challenge to the array that a jury list was returned after date fixed by statute and no list returned from one township: *Thomas v. People,* 39 Mich. 310–11.

Good character may always be shown by a person charged with crime, and the prosecution may rebut such affirmative proof: *Com. v. Webster,* 5 Cush. 295.

*Moses Taggart,* Attorney General, for People:

The objection that there was no finding or determination by the examining magistrate as to commission of the offense charged and of probable cause to believe respondent guilty thereof, being raised for the first time in this Court will not be considered: *Turner v. People,* 33 Mich. 364; *Weimeister v. Manville,* 44 Mich. 410; *Ives v. Leonard,* 50 Mich. 296; *Mich. State Ins. Co. v. Soule,* 51 Mich. 313; but no record of a specific finding is required to be kept or certified to the circuit court: *Turner v. People,* 33 Mich. 368.

SHERWOOD, J. The record in this case shows that the respondent and his wife, Julia Coffman, resided at Au Train,

in the township of Ouota, in the county of Schoolcraft, **on**
the twenty-fourth day of August, 1884; that on that day **he**
shot and killed his wife, and was thereupon arrested upon **a**
complaint and warrant charging him with the crime of mur-
der for killing his wife. He was taken before the justice
who issued the warrant, had his examination, was bound **over**
for trial on the same charge, and in default of bail, was sent
to jail, until the sitting of the circuit court at Manistique, in
January term, 1885. At the opening of the court at said
term, the prosecuting attorney filed an information against
the respondent for the crime aforesaid, and on being arraigned,
he appeared by counsel, and moved the court to quash the
information, on the ground—*first*, that a proper preliminary
examination is not shown by the files in the case; nor that
such examination was waived; *second*, that it does not appear
from the files that the defendant has ever been arrested for,
or charged with the crime for which he was arraigned, except
as appears in and by the information.

The objection was properly overruled. The record shows
a sufficient complaint and warrant, and an examination had
before the magistrate who issued the warrant, and that several
witnesses were examined in behalf of the People, and the
justice makes a commitment, in which he states that he finds
the crime charged has been committed, and probable cause
to believe the respondent guilty of the commission thereof.
This shows a sufficient examination: *Turner v. People*, 33
Mich. 364; *Haywood v. Johnson*, 41 Mich. 605; *State v.
Nerbovig*, 24 N. W. Rep. 321. The proof of loss of the
papers showing a preliminary examination was sufficient, and
it was entirely competent to make parol proof of their con-
tents: 1 Greenl. Ev. § 509; *Com. v. Roork*, 8 Cush. 210;
*Simpson v. Norton*, 45 Me. 281; *Hall v. Manchester* 40 N.
H. 410. The information filed was fully authorized. The
court must necessarily go outside of the regular files when
the papers are destroyed, to ascertain whether the proper
preliminary steps have been taken necessary to place the
respondent on trial, and no evidence otherwise **competent**
could be rejected for that reason.

We find no error in overruling the respondent's challenge to the array of jurors. It was unimportant that no list of jurors was returned from the township of Burt, and also that there was neglect on the part of township officers in making the return of names, before the drawing of the first jury, from the township of Munising: How. Stat. §§ 7554, 7555, 7567, 7575; *Thomas v. People*, 39 Mich. 309. It will be noticed that section 7567 did not provide for the return of the names of jurors drawn, to the packages, until all the packages were exhausted, and the statute expressly provides that at the next succeeding drawing of jurors they shall commence to draw from the package next in numerical order to the one from which the last name was drawn at the last preceding drawing, and in the sixth subdivision of the section it says the same proceeding shall be had as often as may be necessary, until the whole number of jurors required shall have been drawn, and there is no provision for the returning of the names of the jurors to the packages until the list returned shall have been exhausted.

We see no reason why respondent should complain that more evidence of the *res gestæ* was not offered. The People had shown, by two witnesses who are unimpeached, that they were present and saw the respondent take his gun and shoot his wife dead, she being only five feet distant from him at the time; and the respondent does not deny that he killed her, but claims he was so drunk that he did not know what he was doing at the time. Certainly the People could not do less; but why the respondent should require more, or how he could have been benefited thereby, is not exactly apparent.

The question put to witness Black, on rebuttal, was competent. While the answer was not strictly responsive, no motion was made to strike it out for that or any other reason, and no error was committed in overruling the respondent's objection to the question.

The other assignments of error relate mainly to the action of the circuit judge in charging the jury, and to his refusals to charge. We have examined them carefully, and have

been unable to discover any error.   The circuit court, we think, gave the case to the jury on the theory of the defense quite as strongly as the circumstances and testimony in the case will warrant, and the judgment must be affirmed.

The other Justices concurred.