[Crim. No. 1796.   Second Appellate District, Division One.—August 2, 1929.]

THE PEOPLE, Respondent, v. MARK GODFREY et al., Defendants; RUSSELL SMITH, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

HOUSER, J.—In brief, the history of the litigation represented by this appeal is that in the month of May, 1925, defendant was convicted of the crime of robbery. His appeal from the judgment rendered against him resulted in an affirmance of such judgment. (*People* v. *Smith*, 76 Cal. App. 105 [243 Pac. 882].) In the month of January, 1929, which was nearly four years after the date of his

conviction, defendant presented a motion in the trial court to vacate the judgment theretofore rendered against him. In substance, the grounds of such motion were that the verdict of the jury by which defendant was found guilty of the charge preferred against him was void—first, for the reason that on the return of the verdict by the jury the clerk of the court failed to read the verdict to the jury or to inquire of the jury whether it was their verdict— all as required by section 1164 of the Penal Code, and, secondly (without going into detail as set forth in the motion), that the grand jury which presented the indictment against defendant was not legally drawn or qualified. The motion, by order of the trial court, was denied, and defendant has appealed to this court from such order.

In his closing brief appellant has expressly abandoned the point first suggested herein.

Assuming (but not conceding) that the facts as shown by the record presented herein compel the conclusion that the grand jury in question was irregularly drawn and selected, nevertheless, according to the statutes and the decisions affecting such a situation, it does not follow that in the circumstances defendant is now in a position to take advantage of such defects.

By a provision of the Penal Code, among other things, in effect it is provided that in answer to his arraignment the defendant may move to set aside the indictment or information (sec. 990, Pen. Code); and section 995 of the same code provides that the indictment must be set aside "where it is not found, indorsed, and presented as prescribed in this code . . . " In the case of *People* v. *Bawden,* 90 Cal. 195 [27 Pac. 204], the defendant was prosecuted by information. He was convicted; and on his appeal he sought "to avail himself of the alleged fact that there was no preliminary examination and commitment of defendant by a magistrate before the filing of an information . . . " With reference to the point presented by the appellant, in the course of the opinion the Supreme Court said: " . . . Moreover, a defendant, upon arraignment, may move to set aside the information upon the ground 'that before the filing thereof the defendant had not been legally committed by a magistrate'; *and if the motion be not then made, the defendant is precluded from afterwards taking the objec-*

*tion.* (Pen. Code, secs. 990, 995, 996; *Ex parte McConnell,* 83 Cal. 558 [23 Pac. 1119]; *Ex parte Moan,* 65 Cal. 218 [3 Pac. 644]. See, also, *Hamilton* v. *People,* 29 Mich. 173; *People* v. *Coffman,* 59 Mich. 1 [26 N. W. 207].)''

The following authorities also support the rule: *People* v. *Lawrence,* 21 Cal. 368; *People* v. *Fritz,* 54 Cal. App. 137 [201 Pac. 348]; *People* v. *Knight,* 63 Cal. App. 63 [218 Pac. 79]; *People* v. *Lopez,* 26 Cal. 112; *People* v. *Stacey,* 34 Cal. 307; *People* v. *Parsons,* 82 Cal. App. 17 [255 Pac. 212].

In the case of *People* v. *Murphy,* 71 Cal. App. 176 [253 Pac. 51], a situation identical with that here presented was before the appellate tribunal, and the ruling was in accord with that hereinbefore indicated. The case of *Bruner* v. *Superior Court,* 92 Cal. 239 [28 Pac. 341], relied upon by appellant herein, contains nothing which militates against the conclusion reached by the decisions rendered in the respective cases to which reference hereinbefore has been had.

The order is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.