[Crim. No. 1104. Third Appellate District.—January 9, 1930.]

THE PEOPLE, Respondent, v. WILLIAM W. MIDDLETON, Appellant.

William W. Middleton, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the fifth day of January, 1928, an information was filed in the Superior Court of the county of Plumas, accusing the defendant, William Middleton, of the crime of forgery, in that he forged a certain instrument set out in words and figures in the information; also charging that before the commission of the offense charged in the information the defendant was convicted of a felony in the United States District Court of Utah on or about the seventh day of May, 1921; also accusing the defendant of having been convicted of a felony in the District Court of Missoula County, state of Montana, on or about the twenty-fifth day of September, 1922; and further accusing the defendant of having been convicted of a felony in the Superior Court of the county of San Diego, on or about the twentieth day of November, 1923. Upon being arraigned upon the information referred to, and being informed, by the Superior Court, of his right to be represented by counsel, the defendant waived the appointment of counsel, and upon the information being read, the defendant entered a plea of guilty to the offense charged in the information, and also a like plea of guilty to all the charges of prior felonies alleged against him. Within the time allowed by law the defendant appeared for judgment, and upon being informed by the court of the proceedings had and taken against him upon the information referred to, and being further asked if he had any legal cause to show why judgment should not be pronounced against him, the defendant answered that he had none, whereupon the court ordered that the defendant be imprisoned in the state prison of the state of California at Folsom, for the term to be fixed as provided by law. ■ Thereafter, the defendant moved the court to enter an order annulling, vacating and setting aside the judgment just referred to on the ground that the defendant had never been examined or committed by any magistrate upon the offense for which said judgment was rendered, and that said judgment was void upon its

face. This order being denied, the defendant appeals therefrom.

Upon this appeal the appellant has presented to the court a voluminous brief collecting practically all the cases touching upon the formality, the sufficiency and insufficiency of the orders of commitment made by different magistrates following the preliminary examinations of persons accused of public offenses. It may be admitted that these cases show that the order made by the committing magistrate in the instant case is defective in form, and possibly insufficient in substance; at least it is somewhat ambiguous and uncertain; but even if such admission be made, the defendant is not in a position now to raise the objections relied upon on this appeal. This is shown by a review of a few sections of the Penal Code. Section 990 of that code specifies that upon the arraignment of a defendant he may, in answer to the arraignment, move to set aside, demur or plead to the indictment or information. Section 995 of that code, so far as it relates to the information, permits the defendant to file a motion to set aside the information on the ground "that before the filing thereof the defendant had not been legally committed by a magistrate." And section 996 of that same code reads as follows: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section." At the time of the enactment of sections 995 and 996 of the Penal Code there was no such section as "995-a." Therefore, section 996 must be read, in its reference to the last section, as it stood prior to the enactment of section 995-a of the Penal Code in 1927 (Stats. 1927, p. 1756). The two sections, 995 and 996 of the Penal Code, were both enacted February 14, 1872, and though subsequently amended in certain particulars, contained the portions of the section pertaining to these cases, and as enacted in 1872, down to and until the enactment of section 995-a of the Penal Code, 996 immediately followed section 995, and its reference to the preceding section was definite and certain. Not being referred to in section 995-a as enacted in 1927, and not containing anything which conflicts with section 996 of the Penal Code, the reference in .996 of the Penal Code to the last section must be read as still referring to section 995 of the Penal

Code. A reading of section 996 of the Penal Code would seem of itself to show a lack of merit in the appellant's contention made upon this appeal. However, a few cases may be cited. In *People* v. *Bawden,* 90 Cal. 195 [27 Pac. 204], a situation similar to the facts presented here was considered, and the court there said: ''The objection that there was no preliminary examination and commitment of the defendant by a magistrate before the filing of an information is neither a ground of a motion for a new trial nor for a motion in arrest of judgment, and is waived if not taken by motion to set aside the information upon the arraignment of the defendant.'' To the same effect is the case of *People* v. *Ronsse,* 26 Cal. App. 100 [146 Pac. 65], where it was sought to raise the question of the legality of the defendant's commitment after conviction and judgment. It was there held that the defendant, not having made a motion as provided for in section 995 of the Penal Code, was precluded under the provisions of section 996 from urging the objection after conviction and judgment. That the rule likewise applies to indictments and shows that section 995 of the Penal Code must be complied with or the right to make such motions is waived, see the following cases: *People* v. *Johnston,* 48 Cal. 549; *People* v. *King,* 28 Cal. 265; *People* v. *Stacey,* 34 Cal. 307.

It necessarily follows from these citations that the order of the Superior Court denying the defendant's motion was correct and should be affirmed; and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1930.