[Crim. No. 1265. Third Appellate District.—May 31, 1933.]

In the Matter of the Application of PETER STROFF for a Writ of Habeas Corpus.

A. M. Mull, Jr., for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This is a petition for a writ of *habeas corpus.*

The petitioner was convicted of the crime of burglary upon an information duly filed in the superior court by the district attorney of Humboldt County pursuant to the provisions of section 809 of the Penal Code. The information charged the accused with "wilfully, unlawfully, feloniously and burglariously entering that certain store building known as Brizard Store . . . with the felonious intent then and there to commit the crime of theft". His cause was regularly set for trial on September 4, 1928. He duly waived the right to be represented by counsel and thereupon entered his plea of "guilty of the offense charged in the information". Having waived time for sentence, he was duly sentenced to

imprisonment in the state prison at San Quentin for the term prescribed by law. The judgment of commitment which was certified by the clerk on that day fails to show that the court determined the degree of burglary as required by section 1192 of the Penal Code. The proceedings of the trial, which were fully reported and which are before this court upon this proceeding, show that the court failed to determine the degree of burglary to which the defendant pleaded guilty. The information merely charges the defendant with the crime of burglary. It does not charge facts from which the degree of the crime may be ascertained. While he was charged with entering a "store building", it may be true that the facts will show the offense was committed in the night-time, or that he was then armed with a deadly weapon, or that he made an assault upon some person in the commission of the crime. Under any such circumstances he would be guilty of burglary of the first degree. If it was an uninhabited store building, and the offense was committed without the preceding circumstances, then he would be guilty of burglary of the second degree only.

The information which charges the petitioner with the crime of burglary in the language of section 460 of the Penal Code is sufficient. It is apparent that the accused might be found guilty of burglary of the first or the second degree under that charge. He merely pleaded guilty to burglary.

It is contended the petitioner is entitled to his discharge from custody for the reason that he was not preliminarily examined and held by a magistrate pursuant to section 860 of the Penal Code prior to the filing of an information against him, and because the court failed to fix the degree of the crime of burglary to which he pleaded guilty, as required by section 1192 of the Penal Code.

There is no merit in the assertion that the petitioner was not properly examined or held for trial by a magistrate as required by section 860, *supra*. Upon proceedings duly had in a justice's court, he was taken before the magistrate for preliminary examination. He was informed of his rights according to law. He waived the right to be represented by counsel, and expressed the desire to proceed with the hearing and to admit the commission of the crime with which he

was charged. He was thereupon sworn and confessed under oath to the facts charged in the complaint. He admitted his guilt of burglary as charged. He was thereupon held by the magistrate for trial in the superior court upon the charge of burglary, in the form required by statute. This is a sufficient compliance with the statute with respect to the holding of a preliminary hearing.

Moreover, having failed to object to the proceedings, and having failed to move to set aside the information under the provisions of section 995 of the Penal Code, the irregularity of proceedings and the insufficiency of evidence at a preliminary hearing are waived. Such defects or irregularity may not be raised for the first time upon a writ of *habeas corpus.* (Sec. 996, Pen. Code; *Ex parte McConnell,* 83 Cal. 558 [23 Pac. 1119]; *In re Heinze,* 116 Cal. App. 286 [2 Pac. (2d) 561]; *People* v. *Godfrey,* 100 Cal. App. 233 [279 Pac. 1031].) Section 995 of the Penal Code provides in part:

''The indictment or information must be set aside by the court in which the defendant is arraigned, *upon his motion,* in either of the following cases:

.   .   .   .   .   .   .   .   .   .   .

''If it be an information:

''1. That before the filing thereof the defendant had not been legally committed by a magistrate.''

The following section of the Penal Code provides that:

''If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section.''

Clearly there was a mere irregularity in the proceedings of the trial court in failing to determine the degree of burglary of which the petitioner was duly convicted. This irregularity does not invalidate the judgment of conviction. Under such circumstances it is proper to remand the prisoner with directions to the trial court to fix and determine the degree of the crime of which he has been convicted. (*In re Lee,* 177 Cal. 690 [171 Pac. 958]; *People* v. *O'Brien,* 122 Cal. App. 147, 158 [9 Pac. (2d) 902]; *People* v. *Scott,* 39 Cal. App. 128 [178 Pac. 298].) It is apparent that the facts of this case may show that the defendant was guilty of either the first or second degree of burglary, according to the definition which is found in section 460 of the Penal

Code. The term of his sentence should be governed accordingly. He is entitled to have the degree of his crime fixed by the court, and the term of his imprisonment limited thereby.

The writ is discharged and the prisoner is remanded, with directions to the warden of Folsom state prison to deliver the petitioner into the custody of the sheriff of Humboldt County at a time to be fixed by the superior court of that county without unnecessary delay for the purpose of ascertaining and fixing the degree of the crime of burglary of which he was convicted, and that he be then returned to the warden of that prison to be held until his term of imprisonment shall have been completed.

Pullen, P. J., and Plummer, J., concurred.