[Crim. No. 2258.   Third Dist.   May 10, 1951.]

In re ARTHUR WAYNE MAYNARD on Habeas Corpus.

Henry Teichert for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—By a petition for a writ of habeas corpus petitioner seeks his release from the state prison at Folsom alleging that he is unlawfully restrained of his liberty under a judgment of the trial court which he contends is void because of certain procedural steps taken subsequent to his commitment.

The essential facts as disclosed by the record before us are that on September 20, 1948, following his plea of guilty to

the crime of burglary as charged in an information filed by the district attorney of Placer County, the court determined the crime to be burglary in the first degree, denied probation and sentenced petitioner for the term prescribed by law. At that hearing petitioner was not represented by counsel and no appeal was taken therefrom. Thereafter on February 7, 1950, a hearing was had in the superior court of said county upon petitioner's first petition for a writ of habeas corpus. Following that hearing the court issued its order wherein it was stated that the prior proceedings failed to reflect evidence sufficient to establish the degree of burglary to be that of burglary of the first degree, and ordered that the previous judgment and sentence be set aside and that petitioner be returned for the purpose of establishing by competent evidence the degree of the crime charged. On March 14, 1950, pursuant to said order a hearing was had in said superior court at which petitioner was present with counsel and orally moved to withdraw his former plea of guilty to the information and to enter a plea of not guilty thereto. This motion was denied and the court proceeded to take evidence following which the offense was determined to be burglary of the second degree. In denying said motion the court stated that the proceeding was solely for the limited purpose of fixing the degree and declined to resentence the petitioner on the ground that the original sentence was still in full force and effect. Subsequently petitioner filed his present petition for a writ of habeas corpus as previously noted.

In support of his main contention that his present detention is unlawful since he was denied the right to withdraw his plea of guilty and to enter a plea of not guilty, petitioner relies upon section 1018 of the Penal Code, which provides:

"On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn, and a plea of not guilty substituted."

Thus, the first question to be considered is the effect of the order of February 7, 1950, purporting to nullify and set aside the original judgment and sentence.

There can be no question but that the superior court had jurisdiction to entertain the first petition for a writ of habeas corpus (*In re Hughes,* 159 Cal. 360 [113 P. 684]), and to remand the defendant with directions to the trial court to fix

and determine the degree of the crime of burglary of which the petitioner was convicted. However, the first order remanding petitioner could not affect the validity of his conviction. (*In re Stroff*, 132 Cal.App. 351 [22 P.2d 770].)

█ A writ of habeas corpus being in the nature of a collateral attack on the judgment or order pursuant to which the petitioner is held in custody (*In re McVickers*, 29 Cal.2d 264, 274 [176 P.2d 40]), the remedy extends only so far as is necessary to relieve the petitioner from imprisonment if he be illegally detained. (*In re Corryell*, 22 Cal. 178, 179, 182.)

█ Therefore the order of the superior court, on the first petition for habeas corpus, although it purported to set aside the judgment and sentence, could, and in fact did, affect the same only to the extent necessary to redetermine the degree of the burglary. This is apparent on the face of the order.

█ It necessarily follows that petitioner's motion to withdraw his plea of guilty was not, as he contends, made before judgment, and his original commitment must stand modified only as to the degree of the crime charged. Furthermore, petitioner has failed to show any other facts or circumstances that would warrant issuance of the writ.

The writ is denied.

Adams, P. J., and Deirup, J. pro tem., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 7, 1951.