[Crim. No. 1303. Third Appellate District.—January 23, 1934.]

THE PEOPLE, Respondent, v. JOSEPH BAYNE, Appellant.

Joseph Bayne, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted by the court sitting without a jury of the crime of burglary of the first degree, and a prior conviction of another felony. Evidence was adduced pursuant to section 1192a of the Penal Code, of the fact that the defendant was not armed with a deadly weapon at the time of the commission of the offense. He was sentenced to imprisonment in the state prison at Folsom for the term prescribed by law. The commitment is in the usual form and recites the fact that the defendant was convicted of burglary of the first degree and a prior conviction of another felony. It did not allege that the defendant was unarmed at the time of the commission of the offense. No appeal was taken from that judgment.

After one and a half years of his sentence had been served, the defendant presented to the trial court a motion to vacate the judgment for failure to specify therein the facts upon which the degree of the crime was determined, and because it contained no statement that the defendant was not armed with a deadly weapon. The motion to vacate the judgment was denied August 28, 1933. At that time the court amended the judgment by reciting therein that the defendant was unarmed at the time he committed the offense. From this order denying the motion to vacate the judgment this appeal was perfected.

At the time the motion to vacate the judgment was denied, the court amended the original commitment by adding thereto the following language: "The court finds that at the time of the commission of the alleged offense in the information the defendant was not armed with a deadly weapon." The evidence which was received at the original trial of the case is not before us. It was not offered at the hearing of the motion to vacate the judgment. For that reason a motion for diminution of the record to supply this court with that evidence would have been ineffectual. But the motion for diminution of the record was not presented to this court. In denying the motion to vacate the judgment the court said: "At the time of the trial of this case there was testimony offered and received in the court which justified the finding of the court that the degree of burglary was burglary of the first degree. The testimony satisfied the court that the burglary occurred in the night-time. . . . The testimony taken at the time of pronouncing judgment shows conclusively that the defendant was not armed with a deadly weapon." There is no evidence to the contrary.

On appeal from the order denying the motion to vacate the judgment it is contended the commitment is void for various reasons hereafter referred to, and that the defendant is therefore entitled to be discharged from custody.

■ The judgment of commitment in this case is not invalid. It properly declares that upon competent evidence adduced the defendant was duly convicted of the crime of burglary of the first degree. It appears that the trial court received evidence pursuant to section 1192a of the Penal Code before pronouncing sentence on the defendant, from which it was determined that he was guilty of

burglary of the first degree for the reason that he entered the building in the night-time, and that he was not armed with a deadly weapon. The degree of the crime was properly ascertained and fixed by the terms of the commitment.

■ The law requires the degree of a crime to be ascertained by the court before pronouncing sentence. A judgment of commitment which fails to determine the degree of the crime is defective. The law does not require the commitment to show upon its face the facts upon which the court determines the degree of the crime, the fact that the accused was armed with a deadly weapon, or any of the other facts upon which the prison board is enabled to subsequently fix the maximum and minimum term of sentence under the provisions of section 1168 of the Penal Code.

■ It is necessary to inform the prison board as to whether the prisoner was armed with a deadly weapon at the time of the commission of the offense to enable it to determine the maximum and minimum term of sentence as required by section 1168, *supra*. These facts may properly be inserted in the commitment, but they are not necessary to the validity of the judgment. These facts may be ascertained and certified to the prison board in the manner provided by section 1192a of the Penal Code. That section provides in part:

''Before judgment is pronounced upon any person convicted of an offense punishable by imprisonment in the state prison, it shall be the duty of the court . . . to ascertain in a summary manner, and by such evidence as is obtainable, . . . facts . . . calculated to be of assistance to the court in determining the proper punishment of such person, or *to the state board of prison directors* in the performance of the duties imposed upon it by law. . . . Within thirty days after judgment has been pronounced by the court, one copy of such transcript . . . shall be sent by mail . . . to the warden of the prison to which such convicted person shall have been sentenced.''

■ In the absence of evidence to the contrary we must presume the court complied with the foregoing statute, and that the prison board was furnished with all obtainable facts with relation to the crime enabling it to determine the proper punishment according to law. It is not contended this information was not furnished to the board. It

is merely asserted the judgment is void because findings to that effect were not inserted therein. We may not assume the mere failure to comply with the provisions of section 1192a, *supra,* will render a judgment of commitment void. Since no fact may be presumed against a defendant which will aggravate his offense, we must assume the prison board will necessarily fix a term of sentence on the basis that a prisoner was not armed with a deadly weapon at the time of the commission of an offense, in the absence of competent information to the contrary.

The commitment was amended at the time the motion to vacate the judgment was denied, by adding thereto the following: ''The court finds that at the time of the commission of the alleged offense in the information the defendant was not armed with a deadly weapon.'' It is now asserted that since the judgment is void the court was without authority to amend it. We have heretofore held that the judgment was not void for failure to include therein the statement that the defendant was unarmed. Since the judgment was valid on its face the burden was on the defendant to show any alleged infirmity thereof. Upon a collateral attack all presumptions are in favor of the validity of such a judgment and of the regularity of the proceedings upon which it is based. (14 Cal. Jur., p. 859, sec. 5; *Fletcher* v. *Superior Court,* 79 Cal. App. 468 [250 Pac. 195].) Moreover, the amendment to the judgment was favorable to the defendant and he may therefore not complain of it.

It has been frequently held that when a judgment of commitment fails to determine the degree of crime of which an accused has been convicted, the cause may be properly remanded to the trial court with directions to ascertain the degree of the crime as required by law and amend the judgment accordingly. (*People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 Pac. 585]; *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133]; *In re Lee,* 177 Cal. 690 [171 Pac. 958]; *People* v. *O'Brien,* 122 Cal. App. 147 [9 Pac. (2d) 902]; *People* v. *Scott,* 39 Cal. App. 128 [178 Pac. 298]; *Ex parte Stroff,* 132 Cal. App. 351 [22 Pac. (2d) 770]; *People* v. *Stratton,* 153 Cal. App. 309 [24 Pac. (2d) 174].) In the case last cited, the cause was remanded with directions to the trial court to determine the degree of robbery

of which defendant had been convicted, and amend the judgment to conform therewith, including therein also a finding as to whether the defendant was armed with a deadly weapon. In that case it affirmatively appeared the court had failed to take evidence upon which the degree of the crime was determined, and, upon the contrary, that the court had fixed the degree solely upon the *ex parte* statement of the district attorney. This court quite properly remanded that case with directions to take evidence respecting the degree of the crime and regarding the question as to whether the defendant was armed, and to include these findings in the amended commitment. That case does not hold that a commitment is void for failure to include therein the facts upon which the degree of a crime is determined or for failure to include therein a finding regarding the question as to whether the defendant was armed. The last-mentioned fact does not affect the judgment, but is required to be furnished to the prison board to enable it to fix the maximum and minimum term of sentence. That information may be supplied to the board either in the commitment or in the certified statement pursuant to section 1192a, *supra.*

■ The appellant contends that section 459 of the Penal Code, under which he was prosecuted for burglary, is unconstitutional and discriminatory since it defines burglary as the entry of a building *with the intent to commit petit larceny,* a mere misdemeanor, as distinguished from any other misdemeanor such as battery. We are satisfied section 459, *supra,* is not unconstitutional. The common-law definition of burglary has been greatly enlarged by frequent amendments of statute. The portion of the section which is challenged as discriminatory is intended for the protection of property as distinguished from certain personal rights which are also protected by the same act. The challenged portion of the section applies to acts which involve moral turpitude. It is a reasonable and natural classification, the protection of which is wholly within the province of the legislature. In the case of *People* v. *Barry,* 94 Cal. 481 [29 Pac. 1026], it is said:

"It will thus be seen that common-law burglary and the statutory burglary of this state have but few elements in common. . . . Even under the present section of the Penal

Code many acts constitute burglary which but a few years ago were a different offense, or no offense whatever. As to the acts which shall constitute the crime of burglary, that is a matter left entirely to the policy of the legislature, within its constitutional powers; and when that body has said that every person who enters a store with the intent to commit larceny is guilty of burglary, the language is so plain and simple that rules of statutory construction are not required to be consulted; the meaning is patent upon the face of the statute.''

It is asserted there is a fatal variance between the allegation of the information which charges the defendant with entering the building with the intent to commit ''theft'', and the definition of burglary as it appears in section 459 of the Penal Code, which characterizes the crime as the entering of a building with intent to commit ''grand or petit larceny''. It is argued that the term ''theft'' includes crimes other than the offense of larceny, for instance, the procuring of property by means of fraud or deceit. There is no merit in this contention. Section 490a of the Penal Code specifically authorizes the substitution of the word ''theft'' for that of ''larceny'' as it appears in that section of the statute which defines the crime of burglary. These terms are made interchangeable by statute. Section 490a of the Penal Code provides that:

''Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' was substituted therefor.''

The term ''larceny'' as it is used in the definition of burglary appearing in section 459 of the Penal Code, is included within the term ''theft'' as it is defined in section 484 of the same code. Burglary of the first degree is therefore accomplished by entering a building *in the night-time,* with the intent to commit either petit or grand *theft,* regardless of the value of the property sought to be stolen, and regardless of whether the accused is armed with a deadly weapon.

Finally, the appellant argues at great length that the judgment is not supported by the evidence for the reason that it was not shown that he entered the building *with the intent to commit larceny.* This contention is also without merit on this appeal. This is not an appeal from the origi-

nal judgment. It is a mere appeal from the order denying the motion to vacate the judgment. The evidence which was adduced at the trial is not before this court. It could not properly be received for consideration on this appeal. It was not offered at the hearing of this motion. There was no appeal from the original judgment. We must therefore assume that every necessary element of the crime with which the defendant was charged was adequately proved. The sufficiency of the evidence to support the charge may not be considered on this appeal.

The order is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 7, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 21, 1934.