[Crim. No. 1337. Third Appellate District.—March 23, 1934.]

THE PEOPLE, Respondent, v. HOWARD FRY, Appellant.

Howard Fry, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

THOMPSON, J.—This is an appeal, under the provisions of section 1239 of the Penal Code, from an order of the superior court which was made after pronouncing judgment and sentence upon the defendant following his conviction by a jury of the crime of "attempted burglary of the first degree", and a plea of guilty of a prior conviction of another felony. The defendant also attempted to appeal

from an order denying a motion for new trial which he assumes to have then made.

The defendant was charged by an information filed pursuant to section 663 of the Penal Code with the crime of an attempt to commit burglary, together with a charge of a prior conviction of another felony. The information did not allege that the defendant had actually served time for the prior conviction in a penal institution. The defendant pleaded guilty to the prior conviction of felony and admitted that he had served time in a penal institution therefor. Upon trial before a jury, he was also convicted of the attempt to commit burglary. At the time of pronouncing sentence the court recited the fact that he had been charged and convicted of the crime of "attempted burglary of the first degree", together with the charge of a prior conviction of felony, "and of his plea of guilty to the prior charge". The commitment, which was duly certified by the trial judge, inadvertently omitted to state that he had been convicted of the charge of prior conviction of a felony, and merely recited that he had been convicted and was therefore "guilty of attempted burglary of the first degree". He was thereupon sentenced to imprisonment at Folsom state prison for the term prescribed by law. No appeal was taken from that judgment of conviction. Two months later, upon motion of the defendant, he was taken before the same trial court which went through the form of resentencing him by again informing him that he had been duly charged and convicted of "attempted burglary of the first degree", and of a prior conviction of another felony, stating that "the fact of his having served a term in the state prison was testified to and admitted by the defendant when he was called as a witness on his own behalf in the trial of the action, on the charge of 'attempted burglary' ". He was thereupon again sentenced to imprisonment in the state prison at Folsom for the term prescribed by law. The defendant claims to have then orally moved for a new trial from the proceedings involved in the process of resentencing the appellant. The motion was denied. A modified commitment was thereupon certified to by the trial judge, in which document the court determines that the defendant was duly convicted of "attempted burglary of the first degree", together with a prior conviction of highway robbery for which he actually

served a term of imprisonment in the state prison. This appeal from the amended judgment was thereupon perfected. The evidence of the trial is not before this court.

The defendant appears in proper person, and contends that the court was without jurisdiction to pronounce the second sentence or amend the original commitment, that the court was without authority to find "that the crime of attempted burglary in the first degree *was committed in the night time*", for the reason that the jury did not find that the crime was committed "in the night time"; that the amended commitment is void for the reason that it purports to increase the term of sentence beyond the term provided by law pursuant to the original commitment; that the verdict and judgment are uncertain and void for failure to find that the defendant was unarmed at the time of the commission of the offense, and because the judgment results in a miscarriage of justice.

The effort to appeal from a purported motion for new trial in the present case is ineffectual. A motion for new trial must be made before judgment. (Sec. 1182, Pen. Code.) It may be made only upon the grounds enumerated in section 1181 of the Penal Code. If the motion is not made before judgment is pronounced, the privilege is waived. There is a clear distinction between the pronouncing of judgment in a criminal case, and the mere certifying of an order of commitment. Judgment was formally pronounced against the defendant in this case on October 10, 1932.

The amended judgment contained all the necessary findings of the court, including the declaration that the defendant had been previously convicted, and was guilty of "an attempted burglary of the first degree", and that he had pleaded guilty to the charge of "prior conviction of another felony". The defendant neither then nor at any other time made a motion for a new trial upon the merits of the case. No appeal from the original judgment was taken. That judgment was not void. The right of the defendant to move for a new trial was therefore waived. There is nothing in the transcript on appeal in this case to show that the defendant ever actually made a motion for new trial. All that does appear is the clerk's recital of proceedings which occurred in the superior court on December

20, 1933, at the time the commitment was amended, which shows that the court then again formally pronounced judgment, and merely added to its former declaration of the guilt of the defendant of attempted burglary of the first degree, and of the former conviction of highway robbery, that it also appeared at the trial from the admission of the defendant on the witness-stand, that he had actually served a term in the state prison upon the charge of former conviction of a felony, and that he was not armed with a deadly weapon. After the court had formally made these findings of facts, the defendant orally moved for an order "annulling, vacating and setting aside the judgment" on the ground that it was "indefinite, vague and uncertain and therefore void on its face". This was not a motion for new trial. It was too late to move for a new trial. The defendant waived his right to a new trial by failing to make the motion therefor before the rendering of judgment. The court had no authority to then consider a motion for new trial. There is, therefore, no merit in defendant's claim that a new trial should have been granted.

The original judgment was not void. In pronouncing judgment the court specifically determined that the defendant had been found guilty of "attempted burglary of the first degree", and of a prior conviction of highway robbery, declaring that he had pleaded "guilty to said prior charge". The certificate of commitment which was issued pursuant to the pronouncing of judgment was defective in failing to mention the prior conviction of felony. We know of no reason why a defective commitment, which contains an inadvertent omission to state that the defendant had actually served time in a penal institution in punishment for a prior conviction of a felony, may not be corrected by the court without the formality of a subsequent hearing in open court, provided the necessary evidence upon which the amendment is made, was formally adduced at the trial of the case. Certainly the court had jurisdiction to supply such an omission in a commitment, at a formal hearing at which the defendant is present, after receiving notice and appearing with the right to be represented by counsel.

It has been frequently held that even when the court has failed to ascertain the degree of the crime of which an accused has been convicted, the case may be properly re-

manded with direction for the court to ascertain and fix the degree and to amend the judgment to conform thereto. (*People* v. *Paraskevopolis*, 42 Cal. App. 325 [183 Pac. 585]; *People* v. *Walker*, 132 Cal. 137 [64 Pac. 133]; *In re Lee*, 177 Cal. 690 [171 Pac. 958]; *People* v. *O'Brien*, 122 Cal. App. 147 [9 Pac. (2d) 902]; *People* v. *Scott*, 39 Cal. App. 128 [178 Pac. 398]; *In re Stroff*, 132 Cal. App. 351 [22 Pac. (2d) 770]; *People* v. *Stratton*, 133 Cal. App. 309 [24 Pac. (2d) 174]; *People* v. *Bayne*, 136 Cal. App. 341 [28 Pac. (2d) 1068].)

█ While it is necessary to include in the judgment the degree of the crime of which one has been convicted, and it is proper to insert in the commitment the facts upon which the court ascertains and fixes the degree of the crime, as well as the finding with regard to the defendant's possession of a weapon, it is, however, not necessary to the validity of the commitment that either the facts upon which the degree of the crime depends, or the finding with regard to the possession of a weapon, be included therein. These last-mentioned facts are merely evidentiary. The statute requires the court to ascertain and report these facts to the prison directors for the purpose of furnishing the board with information upon which it will be enabled to fix the maximum and minimum penalty of law, pursuant to the requirements of section 1168 of the Penal Code. (*People* v. *Bayne, supra.*) Section 1192a of that code provides in that regard:

"Before judgment is pronounced upon any person convicted of an offense punishable by imprisonment in the state prison, it shall be the duty of the court . . . to ascertain in a summary manner, and by such evidence as is obtainable, . . . facts . . . calculated to be of assistance to the court in determining the proper punishment of such person, *or to the state board of prison directors* in the performance of the duties imposed upon it by law.

·      ·      ·      ·      ·      ·      ·      ·      ·      ·      ·      ·      ·

"Within thirty days after judgment has been pronounced by the court, one copy of such transcript . . . shall be sent by mail . . . to the warden of the prison to which such convicted person shall have been sentenced."

█ It was harmless in the present case that the court included in the original commitment a finding that the de-

fendant entered the building "in the night time" with the intention of committing burglary. Nor was it necessary for the jury to include in its verdict a statement of the facts upon which it determined that the defendant was guilty of "attempted burglary in the first degree". It was sufficient that the jury found the degree of the crime of which he was convicted.

■ The information is not void with relation to the charge of a prior conviction because it fails to allege that the defendant actually served time therefor in a penal institution, although it has been said it is better practice in charging a prior conviction to allege the actual service of time. (*In re Boatwright,* 216 Cal. 677 [15 Pac. (2d) 755].)

■ There is no merit in the defendant's contention that the doctrine of once in jeopardy may be applied to the proceedings upon which the commitment was amended in the present case. Those proceedings did not constitute a trial. No evidence was adduced at that time. Moreover, no such plea was then made. The defense of once in jeopardy is not available under a general plea of not guilty, but must be raised by special plea only. (7 Cal. Jur. 995, sec. 132; *People* v. *Rogers,* 112 Cal. App. 615 [297 Pac. 924]; *Rebstock* v. *Superior Court,* 146 Cal. 308 [80 Pac. 65]; *People* v. *Solani,* 6 Cal. App. 103 [91 Pac. 654].)

■ Finally the defendant contends there is no evidence of his intention to commit larceny as a motive for entering the building, and that his conviction results in a miscarriage of justice. This is not an appeal upon the merits of the cause. The evidence which was adduced at the trial is not before us. We must therefore assume there is ample evidence to support the implied finding of the jury that he entered the building with intent to commit larceny, and that every other necessary element to complete the crime was also adequately proved. It follows that we must assume the record affirmatively shows that the defendant's conviction was not the result of a miscarriage of justice.

The judgment and the order are affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 7, 1934, and an appli-

cation by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1934.