[Crim. No. 4390.   Second Dist., Div. Three.   Nov. 2, 1949.]

In re JOHN F. DONOVAN, on Habeas Corpus.

Chester C. Kempley and James S. McKnight for Petitioner.

W. E. Simpson, District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

SHINN, P. J.—A writ of habeas corpus was issued on the petition of John F. Donovan who was at the time confined in the county jail under commitment following his conviction of contempt of court. His alleged offense consisted of disobedience of an injunction theretofore issued by which he was required to remodel a dwelling in the city of Santa Monica by the removal of 13 living units and the conversion of the main structure on the premises into a single family dwelling; also, to remodel a garage structure, remove a cottage, etc. He was enjoined from using, occupying or maintaining the premises except as a single family dwelling. The basis of the injunction was that the buildings in question had been converted from a single family residence into multiple units in violation of certain ordinances of the city of Santa Monica. Petitioner had instituted an action against the city for declaratory relief by which he sought to avoid compliance with the terms of the ordinances. The injunction in question was issued on a judgment in favor of the city, cross-complainant in that action. Petitioner appealed from the judgment. The decision, which upheld the validity of the ordinances, is reported in 88 Cal. App.2d 386 [199 P.2d 51]. A remittitur was filed with the superior court January 12, 1949. On January 14th an order to show cause was issued requiring petitioner to show cause why he should not be adjudged guilty of contempt of court for wilfully disobeying the injunction. On February 8, 1949, petitioner was adjudged in contempt in that continuously since the date of the judgment, November 26, 1945, he had used, occupied and maintained said premises for purposes other than a single family dwelling and had not remodeled the same. He was sentenced to five days in jail and fined $500, the unpaid portion of which was to be liquidated by confine-

ment at the rate of $2.00 per day. Sentence was suspended conditionally. The trial court called it placing petitioner on probation. Generally stated, the terms were that petitioner was to comply with the injunction. It appears that he took certain unsuccessful means to eject his tenants, a necessary step in the course of compliance with the judgment, that these were unsatisfactory to the court, that "probation" was eventually revoked and petitioner committed to jail under the terms of the original order.

The recital as to the acts and omissions of petitioner found in the commitment relate exclusively to the alleged failure to comply with the terms of probation. We deem it unnecessary to determine whether probation was properly revoked. There is presented to us the question of the validity of the adjudication of contempt.

■ Disobedience of the judgment, of course, was not in contempt of the authority of the court unless it occurred while the injunction was in force. Respondent concedes that the mandatory features of the injunction were stayed by the appeal but contends that it contained prohibitive features that were not stayed and that petitioner violated these provisions. The former provisions are, generally, those which required the remodeling of the building, and the latter those which prohibited the use of the premises except as a single family dwelling. Petitioner maintains that the appeal stayed execution of the entire judgment for the reason that the injunction was wholly mandatory, in that it required not only the remodeling of the building but also required him to take affirmative action to dispossess his tenants and to alter his own status by vacating the premises and discontinuing their use until they had been remodeled.

Petitioner's position on this point is unquestionably correct. Not only was he deprived of the right to use the premises himself or to permit their use until they had been remodeled, but he was required to eject his numerous tenants who were occupying separate apartments. Under existing laws and regulations this would have required persistent effort and probably a considerable amount of litigation. Execution of the judgment was stayed by the appeal. (*City of Pasadena* v. *City of Alhambra*, 75 Cal.App.2d 91 [170 P.2d 499] and cases cited; *Feinberg* v. *One Doe Co.*, 14 Cal.2d 24 [92 P.2d 640].) Disobedience of the injunction pending decision of the appeal was not in contempt of the authority of the court.

■ Although the unenforceability of the judgment pending the appeal furnished sufficient justification for petitioner's failure to comply with it during that time, there is another feature of the matter which deserves mention. The presumption is that petitioner was not guilty of a wilful violation of the injunction. In the absence of evidence to the contrary it was to be presumed that he believed the injunction to be unenforceable in whole or in part until the appeal had been decided. Disobedience of the injunction would have been wilful and with intent to defy the authority of the court only in case petitioner had knowledge, express or implied, that the injunction was at all times in full force and effect. If he had good reason to believe and did believe otherwise his disobedience would have fallen short of contempt. In such circumstances, even if he had been mistaken as to the effect of the appeal there would still have been lacking the element of intent to do what he had been forbidden to do. In adjudging petitioner guilty the court made extensive findings but there was no finding which negatives an honest belief on the part of petitioner that the judgment was unenforceable during the pendency of the appeal. No inference can be indulged to supply deficiencies in the findings of the court of facts composing the offense. (*In re Felthoven,* 75 Cal.App.2d 465 [171 P.2d 47]; *Groves* v. *Superior Court,* 62 Cal.App.2d 559 [145 P.2d 355]; *In re Mackay,* 140 Cal.App. 400 [35 P.2d 385]; *Lapique* v. *Superior Court,* 68 Cal.App. 407 [229 P. 1010]; *In re Lake,* 65 Cal.App. 420 [224 P. 126].) The findings are insufficient to support an adjudication of contempt based upon acts of petitioner prior to January 12, 1949.

■ The same reasoning applied to the period January 12th to January 14th. It appears by petitioner's affidavit, which is not in any manner contradicted, that he had no knowledge or information as to the final determination of his appeal until some time after the issuance of the order to show cause. The court made a finding that "the said John F. Donovan has at divers times during the period from November 26, 1945, to and including the present time (February 8, 1949) wilfully and intentionally disobeyed and violated the terms and provisions and mandate of the judgment, decree and permanent injunction entered in the above entitled court on the 26th day of November, 1945, as aforesaid, and that by reason thereof the said John F. Donovan is guilty of contempt of the authority of the above entitled court as charged." The "aforesaid" acts are those committed pending the appeal

and the omissions between the filing of the remittitur and the issuance of the order to show cause. It was not found by the court that petitioner committed any act or acts in violation of the injunction between the time the remittitur was filed, January 12th, and the order to show cause was issued, January 14th, although petitioner does not contend that in that interval he took any affirmative steps to comply with the injunction. There is nothing in the findings tending to show that petitioner in that brief time wilfully disobeyed the injunction with knowledge that it was then in force. The general finding quoted above does not cure the deficiencies which we have pointed out.

It appears from what we have said that the acts of petitioner, prior to the issuance of the order to show cause, furnish an insufficient basis for the conviction of contempt.

As already stated, the facts which are recited in the commitment relate exclusively to the conduct of defendant after he had been adjudged guilty. It appears that he filed petitions with the Office of Housing Expediter, Office of Rent Control, seeking an eviction certificate as to each of his tenants which would enable him to institute legal proceedings to recover possession of the several rented units. In his petitions he set forth the substance of the injunction that had been issued and based his petition upon that ground and represented that he was required to withdraw the property from the rental market. His petitions were denied. It is evident that the court did not regard the efforts that had been made as sufficient compliance with the terms of the injunction and the so-called probation order. This is an immaterial issue. The judgment may not be supported by findings as to petitioner's subsequent acts. Manifestly, petitioner could not be convicted on the basis of acts for which he had not been cited and tried. (75 Cal.App. 2d 465, *supra*.)

Petitioner served two days in jail in February, two days in March, under an interim order, and one day in July. He has not paid the $500 fine but appears to have paid $96 of a fine of $100 ordered on March 28, 1949. As nearly as we can determine, this fine and the two days' sentence to jail purported to be some sort of a modification of the ''probation'' order. This additional sentence was based upon the conviction of February 8th under which petitioner was later committed to jail for five days. The jail sentence has been satisfied. The facts found upon which the adjudication of contempt was

founded were insufficient to establish the offense, and the order is void. (*Groves* v. *Superior Court*, 62 Cal.App.2d 559, 569 [145 P.2d 355] and cases cited.)

The petitioner is ordered discharged from custody.

Wood, J., and Vallée, J., concurred.