[Crim. No. 4434. Second Dist., Div. Three. Mar. 28, 1950.]

In re JOHN F. DONOVAN, on Habeas Corpus.

John F. Donovan, in pro. per., for Petitioner.

W. E. Simpson, District Attorney (Los Angeles County), and Robert Wheeler, Deputy District Attorney, for Respondent.

SHINN, P. J.—John F. Donovan and Jeanette G. Donovan were accused of violating a prohibitory and mandatory injunction, were found guilty, and John F. Donovan was sentenced to imprisonment for a period of five days and to pay a fine of $500, the unpaid portion of which was to be satisfied by imprisonment at the rate of $2.00 per day. He filed a petition for a writ of habeas corpus alleging ''That the order of Court for the violation of which the petitioner was adjudged in contempt required said petitioner to remove certain household dwelling units which had been erected upon a lot in the City of Santa Monica, which said units had all been erected prior to 1938. That at all times from the original order of said Court down to and including the present time, said units had been and are now occupied by tenants. That your petitioner is not the owner and has no interest in or control over said premises.'' He also alleged that he had applied to the housing expediter under the United States Rent Control Act [56 Stats. 23, 50 U.S.C.A.App. § 901 et seq.] for a certificate of eviction which would allow him to evict tenants who were occupying the rental units; that his petition was denied by the housing expediter; that he had filed actions of unlawful detainer against said tenants but had been advised that he could not prosecute said actions to successful conclusion without a certificate of eviction. The petition also alleged ''That petitioner is not held by virtue of any complaint, indictment, presentment, warrant, or quarantine law, rule, regulation, arrest or order except as above specifically set out.'' A writ of habeas corpus was issued on the petition. The sheriff has

filed a return and petitioner has filed a traverse to the return. The only questions of fact raised by the petition and traverse relate to the claim of petitioner that he does not own or control the property and that neither he nor Jeanette G. Donovan, the owner, has the ability to comply with the judgment by the tearing down of the structures or converting them into a single family dwelling; also that the tenants cannot be evicted without the issuance of a certificate of eviction by the housing expediter.

It appears from the sheriff's return that petitioner is held under a commitment and amended commitment based upon an adjudication of contempt rendered by the superior court. Filed with the return are copies of the order to show cause, the affidavit upon which it was issued, the order adjudging petitioner guilty and imposing sentence, the commitment and the amended commitment.

The affidavit of Leslie S. Storrs for an order to show cause in re contempt avers that a judgment was rendered in an action brought by Jeanette G. Donovan and John F. Donovan against the city of Santa Monica in which the city of Santa Monica filed a cross-complaint, which judgment was entered November 26, 1945, and was affirmed on appeal, as evidenced by remittitur filed January 12, 1949; that the judgment permanently enjoined and restrained Jeanette G. Donovan and John F. Donovan as follows: ''A. From using, occupying or maintaining the premises described in the complaint and cross-complaint herein, viz.: 'Lot 2 of Block I, the Palisades Tract, together with all improvements thereon and appurtenances thereunto belonging in The City of Santa Monica as per map recorded in Book 8 at Page 32 thereof of Maps of the official records in the Office of the County Recorder of said County and State,' for any purpose other than a single-family dwelling as defined by Ordinance No. 656 (Commissioners' Series) viz.: 'a building containing only one kitchen, designed for or used to house not more than one family, including all necessary employees of such family,' together with use of the garage building for the sole purpose of providing shelter or storage of vehicles owned or operated by the plaintiffs or members of their family or their employees, and the use of the tool shed on said premises for the purpose of storing tools, equipment and other materials.'' The judgment also restrained the Donovans from using, occupying or maintaining said premises for any purpose not enumerated in the preceding subparagraph A and from violating any provisions of any

zoning ordinance of the city of Santa Monica relating to said real property, and from maintaining said premises in violation of the building ordinances of the city of Santa Monica or Building Code of the State of California. There are other provisions of the judgment which require the Donovans to remove 13 apartments or units and to reconstruct the main structure into a single-family dwelling containing not more than 15 rooms and not more than one kitchen and designed for and to be used for the sole purpose of housing not more than one family including all necessary employees of such family etc.; to remove seven other apartments from a garage structure on the premises so that it would contain no housing accommodations; to remove a cottage on the premises known as apartment No. 5 and to allow no structures to remain except as reconverted into a single-family dwelling.

There are averments in the affidavit to the effect that ''continuously since July 22, 1949, the said Jeanette G. Donovan and John F. Donovan have caused, permitted and solicited and now are causing, permitting and soliciting persons other than members of their family to occupy said premises and portions thereof for hire as tenants thereof so that said premises during all of said time have been used, occupied and maintained and now are being used, occupied and maintained other than as a single-family dwelling as defined by said Ordinance No. 656 (Commissioners' Series) and other than a one-family dwelling as defined by said Section 9102m and that said Jeanette G. Donovan and John F. Donovan have used, occupied and maintained and caused to be used, occupied and maintained and now are using, occupying and maintaining and causing to be used, occupied and maintained said premises for purposes not enumerated in sub-paragraph A of said judgment'' and it is also alleged that certain of the apartments have been vacated since July 22, 1949, and have been rerented for hire by said Jeanette G. Donovan and John F. Donovan. It is also alleged that the buildings have not been removed or altered as required by the judgment and that the Donovans have had ability to comply with the judgment but have refused to do so; also that they have had at all times actual knowledge of the facts stated in the affidavit. The order adjudging the Donovans in contempt followed generally the allegations of the affidavit as recited herein, excepting the allegation that they had ability to remodel the building, but also specifically found that apartments 11, 18, 5 and 17 had been vacated by the tenants and had been relet by the Donovans to other ten-

ants at a monthly rental, and that new tenants had been occupying the premises and paying rent therefor to the Donovans, and that in so doing the latter have had knowledge at all times of the terms of said judgment and that their acts have been in wilful disobedience of the judgment. It was also found that the Donovans have made no effort to comply with the terms of the judgment in any respect; that they have had the ability to comply with the judgment with respect to the use, occupancy and maintenance of the premises and have made no effort to comply therewith. The order as stated does not contain a finding that the Donovans have had or have the ability to remodel or reconstruct the apartment building into a single-family rental unit.

 The adjudication of contempt is not founded upon the failure and refusal of the Donovans to remove, alter, or reconstruct the building so as to bring it into conformity with the zoning ordinances. It is founded upon the wilful use, maintenance and operation of the building and buildings, and the apartments of which they consist, other than as a single-family dwelling. That such uses are being made of the premises is admitted by the petition, is alleged in the affidavit, found to be a fact in the adjudication of contempt, and established by the evidence taken at the hearing.

 The petitioner's principal contention is that the affidavit upon which the order to show cause was issued is fatally defective because it does not plead the ordinance or ordinances alleged to have been violated. This criticism is sound, but only with respect to those portions of the affidavit which allege that the Donovans have violated the provisions of certain ordinances, without stating the particular acts constituting violations, or the terms of the ordinances. Although these general allegations were found to be true they are mere conclusions and we shall disregard them, as well as the findings thereon.

Jeanette G. Donovan and John F. Donovan were found guilty of violating the terms of a prohibitory and mandatory injunction. The injunction, although based upon violations of certain city ordinances stated with particularity the conduct that was prohibited. The only provision of the judgment we are concerned with is the one which relates to the violation of ordinance No. 656 which defines a single-family dwelling. We have heretofore quoted the definition of a single-family dwelling which is contained in the judgment, namely "a building containing only one kitchen designed for or used

to house not more than one family including all necessary employees of such family'' etc. It is unnecessary to look beyond the judgment in order to determine what constitutes a single-family dwelling. It is the judgment, rather than the ordinance, which measures the duties of petitioner and Jeanette G. Donovan. For the purpose of this proceeding the judgment conclusively establishes what constitutes a single-family dwelling and it was unnecessary to plead or prove the ordinance with respect to that matter.

The order adjudged the Donovans to be in contempt with respect to the several matters above discussed and it sentenced John F. Donovan as above stated. The original commitment, dated December 1, 1949, contained a statement of the proceedings had in the contempt matter, with the direction that John F. Donovan be confined in jail for five days and pay a fine of $500 as stated. The commitment misstated the date of the judgment as the 25th day of November, 1949, and although it stated that the Donovans had failed to show cause why they should not be punished for contempt, it omitted to state that they had been found guilty. On December 9th, an order was made amending the commitment, and a new commitment was issued to correct the date of the judgment to the 26th of November, 1945, and there was added to the amended commitment a provision that the court ''does hereby order, adjudge and decree that the said John F. Donovan is guilty of contempt of the authority of said court'' in disobeying the mandates of the judgment. The provision for commitment to jail followed the terms of the original commitment.

■ Where release is sought from imprisonment for contempt the only question to be determined is whether the court had jurisdiction to render judgment and impose sentence. (*In re Wilson*, 123 Cal.App. 601 [11 P.2d 652] ; *In re Carpenter*, 36 Cal.App.2d 274 [97 P.2d 476].) ■ In cases of constructive contempt the affidavit which forms the basis of the prosecution must state facts sufficient to show the commission of the contempt. (Code Civ. Proc., § 1211; *Ex parte Von Gerzabek*, 63 Cal.App. 657 [219 P. 479] ; *Frowley* v. *Superior Court*, 158 Cal. 220 [110 P. 817] ; *Hutton* v. *Superior Court*, 147 Cal. 156 [81 P. 409].) The court must determine whether the person proceeded against is guilty of the contempt charged (Code Civ. Proc., § 1218), and a conviction of contempt should not be allowed to stand unless it appears from the record beyond question that the trial court found all the facts to exist which constituted the offense. (*Groves* v. *Supe-*

*rior Court,* 62 Cal.App.2d 559, 569 [145 P.2d 355].) These requirements were fully met in the instant proceeding and furnished a sufficient basis for the conviction and imprisonment of petitioner. ■ The commitment as originally issued was a sufficient warrant for petitioner's detention for the term and upon the conditions stated therein. A commitment for contempt should not only clearly state the terms and conditions of imprisonment, but should also identify the offense to which the punishment relates. ■ The commitment was sufficient for this purpose. It clearly related the sentence to the violations of the injunction. It was not necessary for the court to issue an amended commitment for the purpose of stating therein that petitioner had been found guilty, since that fact was stated in the written order which constituted the judgment of the court. Both the order and the commitment identified the judgment as the one that had been rendered in *Donovan* v. *City of Santa Monica,* notwithstanding the clerical error in the commitment as to the date of the judgment. This error was properly corrected. (*People* v. *Fry,* 137 Cal.App. 525, 530 [31 P.2d 204].)

■ As an excuse for the failure to convert the apartment building into a single-family dwelling petitioner produced evidence that the cost of the conversion would be great and that neither he nor Jeanette G. Donovan had the ability to comply with this requirement of the judgment. We understand from the order that this defense was established to the satisfaction of the court. Petitioner also produced evidence that he had applied to the housing expediter for a certificate which would enable him to take steps to eject the tenants from the apartments, without which he would have been powerless to prevail in suits to recover possession. His application was denied (*In re Donovan,* 94 Cal.App.2d 399, 403 [210 P.2d 860]). The court found that after the judgment became final petitioner and Jeanette G. Donovan have had the ability to cause the apartments to be vacated. If this finding means that they have had the ability to procure a certificate of eviction from the housing expediter it is not supported by the evidence. The court also found that at no time since the judgment became final have the Donovans "made any attempt to comply with the terms of said judgment nor are they now making any attempts to comply with the terms of said judgment." This general language is insufficient as a finding that the Donovans have not made a bona fide attempt to secure a certificate of

eviction, since the finding relates to the lack of effort to comply with the entire judgment. It was established by the evidence that they have not had the ability to cause the building to be remodeled, and they were not required to attempt the impossible. The conviction, however, does not rest upon these findings. It is sustained only by the court's finding upon sufficient evidence that petitioner has continued to rent and rerent apartments and in so doing has used and maintained the buildings in disobedience of the injunction. His imprisonment is legal.

The writ is discharged and petitioner is remanded.

Wood, J., and Vallée, J., concurred.