MATTER OF ADAMO

In RESCISSION Proceedings

A-12312321

*Decided by Board June 4, 1964*

(1) Conviction of "aggravated embezzlement" under Article 646 and Article 61, No. 11, of the Italian Penal Code, is conviction of a crime involving moral turpitude and is not classifiable as a "petty offense" since the equivalent of fense under section 22-1210, District of Columbia Code, is "Embezzlement by executors or other fiduciaries," punishable by a possible sentence of 10 years in jail.

(2) Although the above crime was committed in the United States, the record of foreign conviction in Italy showing that it was a penal conviction is conclusive evidence of the nature thereof. Inquiry dehors the record of conviction as to the legal status of the tribunal which rendered the judgment of conviction is precluded, other than with rare exceptions relating to convictions *in absentia* for convictions for political offenses.

The case comes forward on appeal from the order of the special inquiry officer dated February 28, 1964, ordering that the status of permanent residence in the United States granted by the Immigration and Naturalization Service pursuant to section 245 of the Immigration and Nationality Act be rescinded.

The record relates to a native and citizen of Italy, 51 years old, male, who entered the United States in November 1960 at the Port of New York on the SS "Cristoforo Colombo" and was admitted as a visitor under section 101(a) (15) (B) of the Immigration and Nationality Act. On January 15, 1962, he filed an application for status as a permanent resident pursuant to section 245 of the Immigration and Nationality Act and on March 13, 1962, the Service created a record of lawful admission for permanent residence.

On March 29, 1963, the Service instituted this proceeding under the provisions of section 246 of the Immigration and Nationality Act to rescind the status of permanent resident previously accorded the respondent. It contends that the respondent was convicted of a crime involving moral turpitude which disqualifies him for the status of permanent resident at the time it was granted to him. Inasmuch as the

593

respondent had stated in his answer to Question 10 of the application form, "I have not been charged with a violation of law," the Service also contends that he concealed his criminal record and obtained documentation as a permanent resident by fraud or by willfully misrepresenting a material fact. Since one of the basic requirements for status as a permanent resident under section 245 is that the person applying be admissible to the United States, if the respondent was in fact convicted of a crime involving moral turpitude not classifiable as a petty offense, he was not so admissible.

The respondent was convicted in the Court of Osimo, Province of Ancona, Italy, on January 20, 1951, of the crime of embezzlement, pursuant to Article 646 of the Italian Penal Code and Article 61, No. 11, of the Italian Penal Code. A copy of the record of conviction and the statute are a part of the record. Differences have arisen in the translation of the record of conviction, the translator for the respondent translating it as "embezzlement" and the translator for the Government interpreting the phrase as "misappropriation." Counsel for the respondent wishes to accept the Service translation. According to the Service translation, Article 646 of the Italian Penal Code is entitled "Misappropriation" and provides that "Anyone who, in order to obtain for himself or others an unjust profit, misappropriates money or someone else's property, which he is holding under any condition, is punishable, upon being sued by the offended person, to imprisonment of up to three years and to a fine of up to 10,000 lire." If the act is committed upon articles held necessarily on deposit (c. 1864.s) the penalty is increased. Legal action will be instituted, if the circumstances indicated in the preceding paragraph apply or any of the circumstances indicated in No. 11 of Article 61 of the Italian Penal Code. Article 61, No. 11, provides that when someone commits the deed with the abuse of authority or domestic relations, or else with abusing relations of office, relation of employment, of cohabitation, or of hospitality.

The translation of the record of conviction against the respondent (Exhibit 5) shows that in the Police Magistrate's Court of Osimo, in penal proceeding against the respondent, he was charged with the crime of aggravated embezzlement, he having misappropriated in order to obtain an unjust profit 24 accordions intrusted to him for business or commercial purposes while he was in the United States, and that he appropriated the money received from the sale of these accordions in the amount of $1421, as a result of which on January 20, 1951, he was convicted of the crime of aggravated embezzlement or misappropriation and was sentenced to two months imprisonment and to 10,000 lire fine plus the payment of the costs of trial; it was further

594

ordered that the execution of this sentence be suspended according to law and that no mention be made of the conviction in the certificate of penal records.

The significance of this language does not appear and it may be that this language meant that the respondent could receive a "nolo" penal record from Italy. However, the records pertaining to the crime were still in existence and were readily obtainable, and it is obvious that the record of conviction was not meant to be extinguished. Certificates showing the conviction were readily obtained many years later. It is believed that whether the crime mentioned in the record of conviction and the statute is translated "embezzlement" or "misappropriation," the result is in principle the same because the words are essentially synonymous.[1]

In determining whether an offense committed in a foreign country shall be considered a misdemeanor classifiable as a petty offense under section 4 of the Act of September 3, 1954, or under section 212(a)(9) of the Immigration and Nationality Act, recourse may be had to the equivalent offense under the United States law, Title 18 of the United States Code or if not found therein, Title 22 of the District of Columbia Code; after the equivalent offense under United States law has been identified for the purpose of determining whether an offense committed abroad shall be considered a misdemeanor classifiable as a petty offense, the definitions of 18 U.S.C. 1 are to be applied. This section provides in 18 U.S.C. 1(3) that any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500 or both, is a petty offense.

Comparing the offense under consideration with the comparable crime in the United States, the crime appears to fall under section 22-1210, District of Columbia Code, entitled "Embezzlement by executors or other fiduciaries." In the instant case the relationship was clearly that of a principal and agent or fiduciary. Conviction under the District of Columbia Code could have led to a sentence of ten years in jail. It is not believed that the contention of counsel that section 22-1211, District of Columbia Code, entitled "Taking property without right" applies to this conviction.

Defense has been made that the respondent is entitled to the benefits of Articles 163 and 167 of the Italian Penal Code which by its term extinguishes the crime after a passage of a period of time during which the respondent is not convicted of any other crime. In addition, the respondent's conviction was declared amnestied by a Government decree dated December 19, 1953. The questions of foreign extinction or expungement statutes and amnesty declarations were previously

---

[1] Black's *Law Dictionary*, 4th Edition; Cassell's *Italian-English Dictionary*.

considered by this Board.[2] We have held that the extinction or expungement of a record of conviction in Italy or an amnesty is not effective under the immigration laws, since it constitutes no more than a legislative or executive pardon from a foreign government.[3]

Counsel for respondent also asserts that the conviction of the respondent was not a penal conviction but constituted a civil action; and that, inasmuch as the crime was committed in the United States, the court in Italy had no jurisdiction. The record of the foreign conviction showing that it was a penal conviction is conclusive evidence of the nature of the conviction. Nor can we go behind the record of conviction to inquire into the legal status of the tribunal whose judgment of conviction is before us other than with rare exceptions relating to convictions *in absentia* or convictions for political offenses, neither consideration being present in the instant case.[4]

The special inquiry officer has rested his decision solely on the ground that the respondent was inadmissible under section 212(a)(9) of the Immigration and Nationality Act at the time his status was adjusted to that of a permanent resident as an alien who had been convicted on January 20, 1951, of a crime involving moral turpitude, to wit, embezzlement or misappropriation in violation of Article 646 of the Italian Penal Code. As a consequence, he was not eligible for adjustment of status pursuant to section 245. The special inquiry officer finds it unnecessary to pass upon the other charge of obtaining documentation as a permanent resident by fraud or willful misrepresentation of a material fact by concealing his conviction. Counsel objects to the fact that the respondent was not permitted to testify regarding the circumstances of the conviction and his understanding of the sentence or amnesty. Inasmuch as the charge of obtaining documentation by fraud or willful misrepresentation of a material fact was not considered by the special inquiry officer, it is felt that such testimony is not relevant. The appeal will be dismissed.

ORDER: It is ordered that the appeal from the order of the special inquiry officer rescinding under section 246 of the Immigration and Nationality Act the permanent resident status previously granted the respondent pursuant to section 245 of the Immigration and Nationality Act be and the same is hereby dismissed.

---

[2] *Matter of B—*, 7 I. & N. Dec. 166; *Matter of G—*, 5 I. & N. Dec. 129.

[3] *Mercer v. Lence*, 96 F. 2d 122 (10 Cir., 1938), cert. den. 305 U.S. 611; *Weedin v. Hempel*, 28 F. 2d 603 (9 Cir., 1928); *United States ex rel. Palermo v. Smith*, 17 F. 2d (2 Cir., 1927).

[4] *United States ex rel. Mylius v. Uhl*, 203 F. 2d 152 aff'd. 210 F. 2d 860 (2 Cir., 1914); *Giammario v. Hurney*, 311 F. 2d 285 (3 Cir., 1962); *Matter of F—*, 3 I. & N. Dec. 469.