[Civ. No. 30938.　Second Dist., Div. One.　Oct. 28, 1966.]

SHERMAN L. BONE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHARLES G. BLISS et al., Real Parties in Interest.

Low & Stone and Irving Reifman for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Dahlstrum & Walton and Jack A. Dahlstrum for Real Parties in Interest.

McCOY, J. pro tem.*—This is a proceeding to review an order of the Superior Court for Los Angeles County adjudging petitioner guilty of contempt of court.

On May 19, 1966, the respondent court issued a preliminary injunction in Bliss, et al. v. Sherman's Shapers, a partnership, et al., action number NC-C 1997 G, requiring defendants Sherman's Shapers and Sherman L. Bone to do certain things with respect to the advertising of their business. Defendants did not appeal from the preliminary injunction.

On June 14, 1966, the respondent court issued its order requiring "SHERMAN'S SHAPERS and SHERMAN L. BONE" to show cause on July 8 why they should not be adjudged guilty of contempt for willfully disobeying the order of May 19, "which order and your disobedience of which are more fully described in the declaration of JACK A. DAHLSTRUM" for the order to show cause. The matter was continued from July 8 to July 12, at which time the respondent court made the order here under review.

Review of the order finding petitioner in contempt was sought on the ground that the court acted in excess of its jurisdiction in making that order since it initially acted in excess of its jurisdiction in granting the preliminary injunction. In a proper case we would thus be required to determine whether the preliminary injunction was void for lack of jurisdiction. (3 Witkin, Cal. Procedure (1954) Enforcement of Judgment, § 59, p. 2022.) We do not reach that question because of our conclusion that the order under review must be annulled for reasons other than those urged by petitioner.

 In a proceeding such as this to have petitioner adjudged guilty of an indirect contempt because of an alleged violation of an order of the court, he could not be deprived of his property or liberty "without evidence having been offered against him in accordance with the established rules, and an opportunity to cross-examine those whose evidence is given against him, and the opportunity to present evidence in his own behalf." (Collins v. Superior Court, 145 Cal.App.2d 588, 594 [302 P.2d 805].) "All elements of charged con-

---

*Assigned by the Chairman of the Judicial Council.

tempt must be averred in affidavit of accuser and must be developed in the proofs." (*In re Ny*, 201 Cal.App.2d 728, 731 [20 Cal.Rptr. 114].)

Petitioner was present with his attorney when the matter was heard on July 12. So far as we can ascertain from the reporter's transcript of the proceedings on that occasion no evidence was offered against petitioner. The declaration of Dahlstrum which initiated the proceeding was not offered in evidence, nor was Dahlstrum called as a witness. At the outset of the hearing the Dahlstrum declaration served only as the complaint. It did not constitute evidence until it was offered and received in evidence by the court even though it was physically before the court in the file of the case. The failure to offer the Dahlstrum declaration or to call Dahlstrum as a witness deprived petitioner of a trial of the issues tendered by that declaration. While the court could take judicial notice of the orders it had made in the case, "it could not take judicial notice of and assume as true the facts stated in the [declaration] until the defendant had had the opportunity to challenge those facts as evidence, and when it did so it deprived petitioner of due process." (*Collins* v. *Superior Court, supra,* 145 Cal.App.2d 588, 595.)

The court was equally in error in considering the declaration of one Newell, an investigator hired by plaintiffs, which had been filed July 8 in support of the order to show cause. This declaration, said the court, "shows at the time this Complaint was filed the photographs attached to the Complaint are exactly the same, the order was clear, the exhibits talked about at the time the original order was made as original preliminary injunction was granted. There's been no attempt to comply. . . . I believe we should definitely go ahead with the contempt." Apart from the fact that the court was thereby apparently prejudging the case, it is enough to note here that the Newell declaration was not offered in evidence and that Newell was not called as a witness.

It is also apparent that the order adjudging petitioner guilty of contempt is void because of the absence of any finding of the facts on which it was based. At the conclusion of the hearing the court found, without more, that petitioner "is in contempt of court." The minute order entered by the clerk, which goes beyond the decision thus announced, reads: "The Court finds that the defendant, Sherman L. Bone, is in contempt of court; that he had knowledge of the order, and has had ability to comply with the same, and has willfully

refused to do so, and that the same has not been complied with.''

The order before us cannot stand. As the court said in *Harlan* v. *Superior Court*, 94 Cal.App.2d 902, 905 [211 P.2d 942] : ''No facts were found which would constitute wilful violation of [the preliminary injunction]. A finding that one accused of contempt is in violation of an order of court states only a conclusion of law. Although the affidavit for the order to show cause contained a sufficient statement of facts, there was no finding that any of such allegations was true. Nothing can be implied in support of an adjudication of contempt. (*Hotaling* v. *Superior Court*, 191 Cal. 501 [217 P. 73, 29 A.L.R. 127] ; *In re Donovan*, 94 Cal.App.2d 399, 402 [210 P.2d 860] and cases there cited.) Such an order will not be permitted to stand unless the record unmistakably shows that the court found to be true all the facts constituting contempt of the authority of the court. [Citations.]'' ▉ Even if we accept the view that, in a proper case, necessary inferences or implications are ''proper components of interpretation of decrees and orders in contempt proceedings (as in all other cases),'' (*Rosin* v. *Superior Court*, 181 Cal.App.2d 486, 492 [5 Cal.Rptr. 421]), there can be no inferences or implications when no evidence was offered or received in support of the charges.

The order adjudging petitioner in contempt is annulled. Petitioner shall recover his costs against the real parties in interest with respect to this proceeding.

Wood, P. J., and Fourt, J., concurred.

On November 10, 1966, the judgment was modified to read as printed above.