MATTER OF ENG

In Deportation Proceedings

A-13753885

*Decided by Board August 23, 1968*

The benefits of section 241(f) of the Immigration and Nationality Act, as amended, are not available to waive an alien's deportability based on a substantive ground of inadmissibility at entry under section 212(a)(23) of the Act relating to conviction of illicit possession of narcotic drugs.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry as within section 212(a)(23) of the Act [8 U.S.C. 1182(a)(23)] (alien convicted under law relating to the illicit possession of narcotic drugs).

ON BEHALF OF RESPONDENT:
Samuel B. Waterman, Esquire
111 Broadway
New York, New York 10006
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

Emil M. Bobek
Trial Attorney
(Brief filed)

Respondent appeals from the special inquiry officer's order finding him deportable upon the ground stated in the caption. Voluntary departure was granted. Respondent claims (1) that he is not deportable because he was not properly convicted, and (2) that even if he were convicted, the provisions of section 241(f) of the Act remove him from liability to deportation. The appeal will be dismissed.

Respondent, a 39-year-old married male, a native of China and a citizen of the Republic of China on Formosa, was admitted for permanent residence on August 30, 1966, with an immigrant visa issued at Hong Kong on May 19, 1966. The Service charges he was excludable at the time of this entry because of his conviction in the Magistrate Court at Kowloon, Hong Kong, on February 24, 1956, for unlawful possession of dangerous drugs (heroin) in violation of section 10 of chapter 134 of volume IV of the Dangerous Drugs Ordinance (Ex. 2). (He was sentenced to pay $300 or serve two months at hard labor.)

The special inquiry officer upheld the charge. He held that the conviction brought respondent within the section of the Immigration Act which bars entry of an alien convicted for violating a law relating to the illicit possession of narcotic drugs (section 212(a)(23) of the Act (8 U.S.C. 1182(a)(23)).

Respondent contends that he did not have due process, because the special inquiry officer refused to permit him to present evidence that he was deprived of counsel at his criminal trial. He contends that his conviction was defective, because the act described by the conviction record fails to show that he violated the law under which he was charged.

The contentions must be rejected. It is well established that we are bound by the conviction record (*Matter of Adamo*, 10 I. & N. Dec. 593). If counsel wishes to attack the conviction on the grounds advanced, he must do this in the jurisdiction where it occurred. Furthermore, the record shows that respondent was charged with unlawful possession of heroin under a law which made it illegal to unlawfully possess a dangerous drug and which specifically named heroin as a drug to which the law applied (Ex. 3, p. 39, First Schedule, par. 3). Respondent's conviction made him deportable as charged (see *Matter of Romandia-Herreros*, 11 I. & N. Dec. 772).

Counsel contends that even if respondent comes within the terms of section 212(a)(23), he is nevertheless relieved from liability to deportation by section 241(f) of the Act.[1]

The short answer to counsel's contention is that section 241(f) applies only when the charge on which the Service seeks to deport an alien requires proof that fraud existed. Here the charge is one which does not require proof of fraud. It is, therefore, unnecessary to consider respondent's contention (*Matter of Tsaconas*, Int. Dec. No. 1759). Nevertheless, because similar contentions are often raised about section 241(f), we shall state our position on it.

The Service charges that respondent is deportable because he was inadmissible to the United States when he entered, since the law requires the exclusion of one convicted of violating a narcotic law. Some general information about what makes an alien inadmissible will be helpful in understanding the scope of section 241(f). An inadmissible

---

[1] Section 241(f) of the Immigration and Nationality Act provides:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

alien is one immigration restrictions bar from entry. Immigration restrictions fall into two categories: (1) those which put a limit on the number of aliens who shall enter (numerical or quantitative), and (2) those which seek to provide that only the morally, mentally, and physically fit shall enter (qualitative). Numerical control of entering aliens is achieved through the requirement that an immigrant have a visa to enter. Some factors in the allocation of visas under numerical limitations are in alien's training, his place of birth, and his relationship to United States citizens or to legally resident aliens. Important exemptions from the numerical limitations in the allocations of visas depend upon the alien's relationship to a United States citizen and his place of birth. One who obtains a visa without the proper qualifications is inadmissible.

Qualitative restrictions provide that no undersirable alien shall receive a visa or be admitted. Undesirable aliens are those physically, mentally or morally disqualified; the subversives; and the violators of criminal, immigration, or narcotics laws (S. Rep. 1515, 81st Cong. 2d Sess. 66–71 (1950)); Besterman, *Commentary on Immigration and Naturalization Act*, 8 U.S.C.A. pp. 18–34, 51–54 (1953).

The Service charges respondent with being inadmissible on a qualitative ground—he was convicted of violating a narcotic law. He could have been charged with being inadmissible on another qualitative ground—he violated the immigration laws by obtaining entry by fraud (sec. 212(a)(19) of the Act). He could have been charged on a quantitative ground—he was one not in possession of a valid visa (sec. 212(a)(20) of the Act. A visa obtained by fraud is not a valid one.

The fact that an alien is inadmissible does not mean that he inevitably must be barred from entry. Waivers of specific grounds of inadmissibility exist. Under certain circumstances and in the discretion of the Attorney General, an inadmissible alien may be permitted to enter for permanent residence despite the fact that he is mentally retarded, afflicted with tuberculosis, had an attack of insanity (sec. 212(g)), has been convicted of crime,[2] is a prostitute (sec. 212(h)), sought to enter by fraud or admits the commission of perjury (sec. 212(i)). If the alien succeeds in entering and is deportable because he secured entry by fraud, he is removed from liability to deportation on that ground under certain circumstances (section 241 (f)). The Attorney General has the discretionary power to admit

---

[2] Respondent's deportation is not sought on the ground that he was inadmissible under section 212(a)(9) or (10) of the Act as one convicted of crime or crimes. His deportation is sought under other provisions, because he was convicted of the violation of a narcotic law (sec. 212(a)(23), sec. 241(a)(1)).

an alien convicted of a narcotic violation if he is returning to resume a lawful domicile of seven consecutive years (sec. 212(c)). There is no other provision authorizing the entry of, or making nondeportable, one convicted of violating narcotic laws.

Counsel contends that section 241(f) makes respondent nondeportable. We must reject the contention. On its face, section 241(f) contains three requirements: (1) a family relationship—respondent has this; (2) that the respondent be deportable for a fraudulent entry; counsel believes that respondent comes within the section because he did in fact obtain a visa by fraud since he did not reveal his conviction; (3) that the alien be inadmissible only because he made a fraudulent entry—respondent is inadmissible for a narcotic violation, and would for this reason be outside the reach of the section. Counsel contends the third requirement is met because section 241(f) waives any ground of inadmissibility which was concealed by misrepresentation. Thus, he contends, the ground of inadmissibility based on the narcotic conviction is waived, and respondent becomes "otherwise admissible" than by reason of the commission of fraud.

Counsel seeks support for his position in *Immigration and Naturalization Service v. Errico*, 385 U.S. 214 (1966), in which the Court interpreted section 241(f). Counsel believes the following language justifies the conclusion that section 241(f) provides a blanket waiver of the grounds of inadmissibility which an alien concealed:

The intent of the Act [Public Law 85–316, 71 Stat. 689 (1957), containing the section which later became section 241(f)] is plainly to grant exceptions to the rigorous provisions of the 1952 Act for the purpose of keeping family units together. Congress felt that, in many circumstances, it was more important to unite families and preserve family ties than it was to enforce strictly the quota limitations or even the many restrictive sections that are designed to keep undesirable or harmful aliens out of the country. (at 220, footnote omitted)

We believe that *Errico* fails to support counsel's contention. In fact, it supports the conclusion that an alien's inadmissibility as one convicted of a narcotic violation is a disqualifying factor which prevents the application of section 241(f).

Let us consider *Errico* and *Scott*, the companion case dealt with in the same opinion (*Scott v. Immigration and Naturalization Service*). *Errico* and *Scott*, immigrants barred from entry by numerical restrictions, both, by false misrepresentations, gained a status which enabled them to avoid these restrictions: *Errico*, by falsely representing that he was a skilled worker, gained an allocation under the quota to which he was not entitled; *Scott*, by falsely representing that she was the wife of a United States citizen, gained an exemption from quota limitations to which she was not entitled. Because the aliens did not

858

have valid visas, they were barred from entry on a quantitative ground, and it was this ground the Service advanced for their deportation.

The question before the Court was whether section 241(f) which on its face waived only a qualitative ground—the bar to entry resulting from the obtaining a fraudulent visa, and conditioned its applicability on the alien being "otherwise admissible," was meant to also waive the quantitative restriction which each alien had avoided.[3] The Court, going to the history of the section for the answer, ruled that the quantitative restriction was also waived because the law had been passed to give relief to aliens who had evaded quantitative restrictions (or had avoided an investigation which would not have revealed a disqualifying factor)[4] and it would be meaningless under such circumstances to hold that the alien had to be deported unless he complied with the quantitative restrictions by getting a valid visa. The Court did not rule that section 241(f) makes nondeportable an inadmissible alien who concealed a ground of disability not relating to numerical limitations.

When the quotation relied upon by counsel is considered in light of the issue before the Court and in light of the Court's ruling, it does not appear to be authority for the rule urged by counsel. When the quotation is read in context, it will be seen that it was not applied to section 241(f) or its predecessor. The Court directed these remarks to specific waivers concerning quotas, tuberculosis and conviction of crime that appeared in the 1957 Act. It is in the paragraph that follows the one from which the quotation is taken that the Court discussed the predecessor to section 241(f).

To adopt counsel's contention that whatever was lied about is waived would result in a situation where aliens who did not lie about their inadmissibility on criminal or prostitution grounds could obtain a waiver of their inadmissibility only in the discretion of the Attorney General under safeguards and a finding by the Attorney General that their entry would not be contrary to the national interest (secs. 212 (h), (i)), but aliens inadmissible on the same grounds who lied about

---

[3] The Court pointed out that the "issue is whether the statute saves from deportation an alien who misrepresents his status for the purpose of evading quota restrictions * * *." 385 US at 215.

[4] The Court stated, "Congress meant to specify two specific types of fraud that would leave an alien 'otherwise admissible' * * * (385 US at 223)." The two types of fraud that the Court stated would leave an alien otherwise admissible are "fraud for the purpose of evading quota restrictions" (385 US at 222) and "fraud for the purpose of evading an investigation * * * if there were no other disqualifying factor" (385 US at 223).

859

the disqualifying factors would be free from liability to deportation without condition even if their continuous presence were contrary to the national interest. (Section 241(f) is not discretionary but a matter of right (see *Matter of Manchisi*, Int. Dec. No. 1711).) Moreover, an administrative waiver of the narcotic ground of inadmissibility is only available to an alien entering to resume a lawful domicile of seven consecutive years. The grant of the waiver is a discretionary matter for the Attorney General (sec. 212(c)). Yet, under counsel's reasoning an alien who entered by misrepresentation concerning the same ground of inadmissibility would not be deportable even if he had no prior residence in the United States and even if his record would not justify a grant of relief, if relief were a discretionary power. We do not believe that this was what Congress intended.

In summary, we hold that section 241(f) relieves from liability to deportation the alien who entered fraudulently, if, the fraud being overlooked, he would have been admissible with the proper immigration document. Applying this rule to respondent's case we find he remains subject to deportation, for although his fraud is disregarded, and he is considered to be in possession of an immigrant visa, he remains inadmissible because his conviction of a narcotic violation bars his entry under section 212(a)(23) of the Act.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.